JOE WILLIAMS V. THE STATE.

No. 16905.   Delivered June 27, 1934.

The opinion states the case.

*O. O. Franklin,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for aiding a felon to escape from jail; penalty assessed at confinement in the penitentiary for two and one-half years.

Appellant sought entrance to the jail. The wife of the jailer called the deputy sheriff who allowed appellant to enter the jail. After appellant had entered, he was searched by the officer and six hack-saw blades were found on his back attached by adhesive tape. The blades were capable of use in breaking jail. Appellant had previously been in jail but had been discharged. While in jail he became acquainted with Earl Sarratt, a prisoner. Sarratt and other prisoners were in the jail, but the cells were kept open. When appellant was previously discharged from jail, Sarratt gave him a note to be handed to a friend of his in which note Sarratt asked his friend to send him some smoking tobacco and cigarettes. Appellant delivered the note and also told the person to whom it was sent that Sarratt would like for him to arrange for his bond. There was

proof of a number of indictments against Sarratt. Appellant explained his whereabouts from the time he was discharged from jail until the incident above mentioned. It was shown that he had spent the night at the Parker Hotel and that he had traded some of his clothing and received two dollars besides. He disclaimed any particular interest in Sarratt or any agreement to aid him in the escape. Appellant declared that the hack-saw blades were not for the aid of Sarratt's escape but were for his own use in the event he was unlawfully incarcerated in jail as a vagrant. He claimed that he was out of money, that his wife and child lived in Oklahoma and that he desired to go back to them; that he had the hack-saw blades so as to enable him to escape from jail in case he was locked up without cause.

The evidence is conclusive that while in custody the appellant was brought before the grand jury and without warning was interrogated with reference to his indictment. During the examination his back was stripped, and according to members of the grand jury, there was evidence of adhesive tape having been pasted on his back.

From Bills of Exception Nos. 1 and 2, it appears that appellant was taken before the grand jury and, without warning, was examined at great length with reference to his connection with the alleged offense and his relations with Sarratt. In the course of the examination by the grand jurors, he was required to strip his back. The grand jurors claimed to have seen evidence of "sticking plaster" on the back of the appellant. In the examination appellant admitted the possession of the hack-saw blades and claimed that he was out of money, that he wanted to get back to his family in Oklahoma, that he understood that persons who were without money were arrested on the highways and placed in jail, and that in order to protect himself against incarceration of that kind he provided himself with hack-saw blades. Appellant said he had no connection with Sarratt; that he became acquainted with him after they had been placed in jail together. He said that the hack-saw blades found in his possession by officers while he was in jail was not for the use of Sarratt. On the trial, the examination before the grand jury was used against appellant. He was elaborately cross-examined in an effort to show that he had made some contradictory statements in his grand jury investigation. The record makes clear that he was called before the grand jury and that he was not a voluntary witness. It is undisputed that his examination before the grand jury was without warning.

The use of his testimony under the circumstances was contrary to the law as declared by this court on several occasions. The procedure was also violative of Art. 727, C. C. P., 1925. See Norman v. State, 102 Texas Crim. Rep., 5.

In the case of Brent v. State, 89 Texas Crim. Rep., 544, 232 S. W. 845, the subject in hand was treated in the opinion of this court written by Judge Lattimore in which he used the following language: "Under all our authorities the introduction of evidence of what was said and done by appellant while in jail and unwarned was error, and of such character as that we cannot assume to say it was harmless. * * * Likewise it has been uniformly held that evidence of such criminating statement of such unwarned accused cannot be used to impeach or contradict him in the event he becomes a witness in his own behalf. These are matters so well settled by the decisions of this court as to need no further discussion."

The following precedents are cited: Morales v. State, 36 Texas Crim. Rep., 234; Serrato v. State, 74 Texas Crim. Rep., 413; Burchard v. Woodward, 223 S. W., 707.

Upon the record before us, we are constrained to order a reversal of the judgment and remand the case for another trial, which is accordingly done.

*Reversed and remanded.*