# JUNE 23, 1944

RAY BUSSEY V. THE STATE.

No. 22850.  Delivered May 31, 1944.
Rehearing Denied June 23, 1944.

The opinion states the case.

*T. J. Ramey*, of Sulphur Springs, and *G. C. Harris*, of Greenville, for appellant.

*Ramey A. Smith*, District Attorney, of Sulphur Springs, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assesed is confinement on the State penitentiary for a term of thirty-five years.

There are two theories presented by the record. That of the State is that appellant deliberately and with a formed design killed his wife, while that of the defendant is that the gun was accidentally discharged as he was trying to tighten up the breech thereof.

Appellant brings forward many bills of exception. Some relate to the action of the court in admitting and excluding evidence, and others relate to the court's charge. We do not deem it necessary to discuss each of the bills in detail in view of the disposition which we are making of this case.

Appellant's first complaint relates to the court's action in declining to submit to the jury his special requested charges peremptorily instructing them to acquit him. We are of the opinion that he was not entitled to such an instruction under the facts and circumstances of this case. That the deceased died as a result of a gunshot wound is shown by the uncontradicted evidence. The only contested issue is whether it was intentionally inflicted or was the result of an accident. To relieve himself of any criminal responsibility he relies upon the fact that the gun was accidentally discharged. Hence the burden rested upon him to establish this fact.

By Bill of Exception No. 9, he complains of certain testimony given by Dr. Long, at the instance of the State, to the effect that different kinds of poison will have different effect; that if strychnine is taken internally it would cause convulsions; that if cyanide is taken, it would cause very violent vomiting; that bichloride of mercury poison, if taken internally, would have a similar effect. To this testimony appellant objected on the ground that there was no sufficient predicate laid for its introduction; that it was highly prejudicial to his legal rights. We think there is some merit in his contention. The evidence complained of was introduced by the State after it had proved that about two days

prior to the alleged killing the deceased was ill; that appellant gave her a glass of new grape juice; that she took two swallows thereof; that it hurt her stomach and she began to vomit about 9:00 or 10:00 A. M., and continued until about dark. This was the only predicate upon which the State introduced the testimony complained of. It will be noted that the proof is to the effect that she was ill before she partook of the grape juice. There is no fact or circumstance shown that there was any poison of any kind or character in the grape juice which she drank; nor was it shown that appellant had purchased any poison of that kind or character, or that he was in possession of any such poison as caused the vomiting. It is well known that frequently people become ill and vomit; that such fact alone would not justify the introduction of evidence that certain poison would produce vomiting. Of course, if appellant, prior to the time that she was killed, had attempted to murder her by poisoning her, this would be admissible on the issue of intent and motive, but in such event there should be proof stronger than a mere suspicion. If the State had sought to prosecute him for attempting to poison his wife, with no more evidence than that disclosed by the record, it is our opinion that the court would have given a peremptory instruction in favor of the appellant. That this testimony was highly prejudicial is quite obvious, and the argument based thereon would only intensify the inflammatory nature of the same.

From Wharton on Homicide, 3rd Ed. p. 156, the following quotation is taken:

"And while, in a prosecution for homicide by poison, the symptoms and appearances during the last illness become controlling facts in determining whether the death was from poison or from disease, the charge is not made out unless the prosecution negatives everything but poison as the cause of death; and this can only be done by showing affirmatively that the combined symptoms, and the absolutely certain facts with which they are associated, are inconsistent with any other disease or ailment."

From Wharton on Crim. Evidence, 10th Ed. Vol. 2, sec. 787, the following quotation is taken:

"The disease of which the deceased died may not have been induced by poison, since there are few symptons attendant on poisoning which are not also attendant on certain types of natural disease."

We think the following cases will throw some light on the matter here under discussion: Baker v. State, 112 Tex. Cr. R.

254; Edge v. State, 144 Tex. Cr. R. 480; Pullen v. State, 120 Tex. Cr. R. 42.

Bills of Exception Nos. 18 and 19 reflect the following occurrence: Upon being arrested, appellant was taken to the office of the County Attorney, and after being warned as required by law, he made a written statement as to the location of the furniture in the room, the positions which he and the deceased were in, and what each of them was engaged in at the time of the unfortunate occurrence. He was then taken from the County Attorney's Office before the grand jury, which was in session at the time, sworn as a witness, and after being warned by the District Attorney, he was interrogated by that body. On the trial the State introduced in evidence his written statement made to the County Attorney, with the exception of the exculpatory part thereof, which he then introduced. Appellant took the witness stand and testified in his own behalf that the statement which he made to the County Attorney was correct so far as it went but that it did not contain all that he said on this occasion; that it was not tied together as he said it; that there was some explanations omitted from it. Thereupon, the District Attorney took the witness stand and testified that while the appellant was a witness before the grand jury he read the statement to the appellant in detail, to which he replied that it was correct; that he then inquired of appellant if he desired to add anything to it, to which he replied: "No, that it was correct as it was." Appellant objected to the testimony given by the District Attorney on the ground that the evidence which he gave before the grand jury was not reduced to writing and signed by him; that he was under arrest at the time; that it was prejudicial, etc. Art. 727, C. C. P. requires a confession of the accused to be reduced to writing and signed by him. This was not done in the present instance. The testimony which he gave before the grand jury was not reduced to writing. Consequently, it was not admissible in evidence against him. The trial court at first overruled the objections, but later concluded that he had erred in admitting the evidence and sought to correct the error by withdrawing it from the jury by an instruction to them not to consider it for any purpose. Appellant contends, however, that notwithstanding the court's instruction, the same was so highly prejudicial that the court could not effectively withdraw it from the minds of the jury. This court has held many times that a confession not made in accordance with the statute is inadmissible, even for impeachment purposes. See Morales v. State, 36 Tex. Cr. R. 234, (239); Spires v. State, 123 Tex. Cr. R. 357; Williams v. State, 126 Tex. Cr. R. 616, (618). The act of the trial court in over-

ruling appellant's objection to the testimony complained of was a violation of a mandatory provision of the article above referred to. Hence, injury will be presumed to have resulted to the defendant which, in our opinion, could not be effectively withdrawn from the minds of the jury because they assessed a punishment much greater than the minimum prescribed by law.

In 4 Tex. Jur. p. 591, sec. 415, the rule is stated as follows:

"If doubt is entertained as to the prejudicial effect of improper evidence it will be resolved in favor of the accused, and a judgment will be reversed if, from the record, the appellate court is unable to determine whether or not the injurious effect was removed by an admonition of the trial court."

The case of Deckerd v. State, 88 Tex. Cr. R. 132, is one in which the accused made a statement to an officer who had him under arrest. He was subsequently, on several occasions, taken before the grand jury, where he made several statements some of which were inculpatory. On the trial of the case the State introduced evidence of statements made before the grand jury for the purpose of discrediting his defense, and after hearing the evidence, the court instructed the jury that the statements could not be considered by them. This court, in passing on the question, among other things, said:

"The state of the record in the instant case is such that we are unable to say that the injurious effect produced upon the jury by the evidence * * * was removed by the court's statement to the jury, after they had heard the testimony, that it should not be by them considered."

In the instant case, we are confronted with a somewhat similar question, and we believe that the rule announced in the foregoing case is sound and should be applied here.

There are many other bills of exception complaining of the admission of evidence but, in our opinion, they fail to reflect reversible error because the record discloses that evidence of the same kind or of a similar nature was given by certain witnesses without any objection being interposed thereto. It is the rule in this state that when evidence is admitted without objection which is similar to, or of like character as that objected to, no reversible error is shown. See Sparkman v. State, 82 S. W. (2d) 972; Enix v. State, 112 Tex. Cr. R. 376, and other cases cited in Vernon's Ann. Tex. C. C. P., Vol. 3, p. 271.

With reference to the appellant's complaint of the court's charge because he failed to charge on circumstantial evidence, the opinion is here expressed that under the peculiar facts of this case, we do not believe that the case rested entirely upon circumstantial evidence. Hence, he was not entitled to such an instruction.

With reference to other complaints of the court's charge, we refer to the opinion delivered in the case of Barnes v. State, 167 S. W. (2d) 197, and particularly Paragraph 5 on page 200 thereof.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing in which it insists that the testimony of Dr. Long, as an expert, and of the district attorney regarding the transactions before the grand jury should be held to be admissible.

The original opinion logically discusses the testimony of Dr. Long and we are in accord with the conclusions reached in the original opinion.

The other question is a little confused. However, we think the correct conclusion was reached. The case of Alexander v. State, 8 S. W. (2d) 176, is relied upon by the State. We view it as persuasive but certainly not decisive. The statements made to an officer by accused while under arrest were held to be erroneous but did not avail to reverse that case because of the varied surrounding circumstances fully discussed in the opinion. The reasons there stated will not apply in the instant case. Hence we conclude that it does not sustain the State's motion. It will be difficult, if indeed possible, to make more clear the position of the court than was expressed in the original opinion. We have carefully considered the State's motion and remain of the opinion that the errors pointed out in the original opinion require a reversal of the case.

The State's motion for a rehearing is overruled.