ELBERT MCELROY V. STATE.

No. 24459. November 2, 1949.
Rehearing Denied November 23, 1949.

*John B. McNamara,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

The offense is murder with malice. The punishment assessed is confinement in the state penitentiary for a term of fifteen years.

The facts, as reflected by the record, show that in the year 1944 the deceased, George Vargo, married Esther McElroy, a daughter of appellant. In June, 1947, she obtained a divorce from Vargo and in said suit she was awarded the care and custody of their only child, a boy named Robert, but the deceased

given the privilege to have the child visit with him on Wednesdays from 7 to 8 p. m., and on Saturdays from 2 to 4 p. m. Mrs. Esther Vargo, the divorced wife, claimed that when the deceased would take the child out on the dates and at the time mentioned he would feed the child candy and give him soda water which would make him sick; that on the 2d day of June, 1948, when the deceased went to the home of his divorced wife to get the child she declined to let him have it. On or about the 4th day of June the deceased applied to the court for relief against her acts and conduct, and on the 7th day of June she was served with citation to appear in court and show cause why she disobeyed the judgment and order of the court. Upon being served with a citation she advised her father, the defendant, of the proceedings instituted against her by her former husband. On the afternoon of June 9 appellant came to the home of his daughter, bringing with him a pistol, and when the deceased came to the house for the child, as he had the right to do under the decree of the court, appellant shot him as he was standing on the steps of her home with the purpose of having the child for a few hours. The deceased fell in the front yard, and appellant approached the body and shot him in the head as he lay prostrate on the ground. The deceased had no weapon of any kind, and none was found on or near his body, nor did appellant or his daughter claim that they saw any. Under the facts, the jury was justified in finding appellant guilty of murder with malice.

By Bill of Exceptions No. 1 appellant complains of the trial court permitting the state, on cross-examination of appellant, to elicit from him the fact that he had been living apart from his wife for approximately twenty-six years. Appellant objected to said testimony on the ground that it had nothing to do with the case, was prejudicial and not material to any issue involved in the case, etc. The court qualified this bill, and in his qualification states that he admitted this testimony to show that the defendant had not lived with his wife for twenty-seven years prior to the killing in order that the jury may have the facts about the past relationship of the defendant and the daughter and to show the relative facts and circumstances surrounding the killing. Appellant accepted the bill with the qualification and is bound thereby. It occurs to us that the bill, as qualified, fails to reflect any reversible error. Moreover, the daughter of appellant, on cross-examination, testified without objection that her father and mother had been separated for twenty-six years but had not been divorced. It has been the rule of this court for many years that when evidence is admitted, without objection,

which is of like character or similar to that objected to, the admission of the latter will not require a reversal of the case. See Palm v. State, 149 Tex. Cr. R. 456, 195 S. W. (2d) 354; Lovelady v. State, 150 Tex. Cr. R. 50, 198 S. W. (2d) 570; Perkins v. State, 152 Tex. Cr. R. 321, 213 S. W. 2d 681; Bussey v. State, 147 Tex. Cr. R. 447, 181 S. W. 2d 94.

Bill of Exception No. 2 reflects the following occurrence: Within a short time after the appellant had killed the deceased, the daughter of appellant made a verified written statement to the district attorney relative to the unfortunate occurrence. When she took the witness stand, in behalf of the appellant, and testified to material facts different from what her written statement contained, the district attorney questioned her relative to such statements and also questioned her relative to her testimony before the grand jury with the view and for the purpose of impeaching her. Appellant objected to the cross-examination of this witness by the district attorney, relative to her statement made to him, on the ground that her statement was not made in the presence of the defendant or with his knowledge; that the defendant was entitled to be confronted with the witnesses testifying against him, and because the statement was an ex parte statement made by another person and was not admissible for any purpose. The court overruled each and all of the objections and admitted such statement in evidence, to which ruling the appellant then and there excepted. This bill is also qualified by the court, who states in his qualification that the witness Esther Vargo (daughter of the appellant) was placed on the witness stand by the defendant, and on direct examination testified concerning the killing, which testimony was materially different from the facts contained in her sworn statement made to the district attorney; that the witness was cross-examined concerning the facts contained in the sworn statement, but she denied having told the district attorney the material statements contained therein. The statement was admitted in evidence and the jury was instructed that the statement was introduced for the sole purpose of aiding the jury, if it did, in passing on the credibility of the witness and they should not consider it for any other purpose. It occurs to us that if the witness made statements to anyone soon after the killing which were at variance or contradictory of her testimony, the state had a right to show it as tending to affect the credibility of her testimony.

In his charge the court instructed the jury on the law of murder with and without malice, on self-defense, and defense of his daughter, the divorced wife of deceased. In due time appellant addressed thirteen objections thereto. To discuss each of

the objections in detail would extend this opinion at great length and serve no useful purpose. His first and second objections are that the court erred in instructing the jury on the law of murder with malice, and not charging the converse of the matters therein set forth. His third objection is that the court erred in charging on the law of murder with malice irrespective of whether or not defendant acted in self-defense.

His fourth objection is because the court in his charge on the law of murder without malice failed to charge the converse of matters therein set forth..

His fifth objection is to the effect that the court in his charge on murder without malice authorized the jury to convict the defendant irrespective of whether or not he acted in his own necessary self-defense.

His sixth objection is that the court in his charge on the law of self-defense merely gave the jury an abstract definition of self-defense, wholly fails to apply the law to the facts, that it is not an affirmative charge on self-defense, and does not apply the doctrine of reasonable doubt. We have examined the court's charge in the light of the objections, and reach the conclusion that the charge is a fair application of the law to the facts.

We have also examined the remainder of his objections to the charge and find no merit in any of them.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant urges herein that his Bill of Exceptions No. 1 was misconstrued by us, as well as the trial judge in his qualification thereto.

It was shown by appellant's own testimony that the former wife of the deceased was his only child; that on account of his love and affection for her, it was very distressing to him to be told of her troubles and suffering caused by the deceased; that he came to his daughter's house where she lived with appellant's wife and her grandmother; that upon the appearance of the deceased thereat and after certain conversations between such

daughter and her former husband, he shot the deceased in what he thought was his own self-defense. It was also shown that appellant lived at Mart, Texas, and that the daughter and her family lived in Waco, Texas. While the daughter was on the witness stand, she was asked upon her cross-examination, evidently for the purpose of impeachment, if she had not made certain statements before the grand jury soon after this unfortunate occurrence. She answered that she did testify on that occasion, among other things, as follows:

"This conversation took place at my house at 1604 North 15 A where I lived with my mother and grandmother. My mother and father have lived apart for the past 26 years but are not divorced. My mother's name is Claudine McElroy. My father is named Elbert McElroy and lives at Mart, Texas."

Appellant's objections are brought forward in Bill No. 1 to the elicting from him, on cross-examination, the following statement:

"My wife, Esther's mother, and I have been living apart for some twenty-six years."

The trial court qualified such bill as follows:

"The testimony objected to by the defendant was admitted after the defendant had testified of his concern and interest in his daughter and her welfare. This testimony was admitted on cross examination to show that the defendant and his daughter had not lived together for a period of 27 years prior to the killing and to give the jury the facts about the past relationship of the defendant and his daughter, and in order to show all relative facts and circumstances surrounding the killing and that the killing did not occur at the defendant's home."

We think this testimony was admissible, not only on the ground that one witness had testified to practically the same thing, but it was also admissible under Art. 1257a, Vernon's Ann. P. C., Vol. 2, p. 759, which reads in part as follows:

"In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed, * * *."

We think the jury had a right to know the relevant facts and circumstances surrounding this killing and the previous relationship between the parties. We think the fact that, although appellant's wife lived at the address where this homicide took place, nevertheless, same was not appellant's home as he had not lived with her for twenty-six years.

We adhere to the matters expressed in our original opinion, and the motion for rehearing will therefore be overruled.