THOMAS M. LOZANO v. STATE.

No. 26,750. January 20, 1954.
Appellant's Motion for Rehearing Denied
March 10, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 7, 1954.

*Davenport and Anderson* [of counsel, *Henry J. Anderson*], Wichita Falls, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the lascivious fondling of one Ralph Lee Morgan, a male under the age of 14; the punishment, two years in jail.

Ralph Morgan, aged eleven, testified that he and his friend Roy Parker were at the Boys' Club clubhouse on the night of May 6 watching a picture show; that appellant, who was shown to have spent a great deal of time around the clubhouse, called them to the back of the room where he was seated, took the hands of each of the boys in turn, and placed them upon his private parts and then reached into his pants and put his hand upon the witness's private parts and then put his hand into Roy Parker's pants. The boy testified that after the show the appellant offered him 15¢ if he would go out to his automobile with him and hold his privates but that he refused this offer, and the next day he and his mother went to the district attorney's office.

The Morgan boy testified, over appellant's objection, that some weeks prior to the incident related above the appellant had accosted him at the Boys' Club and invited him to his home to show him a boat that he was building in a bottle; that when they arrived appellant placed him on a bed, pulled down his pants, played with his privates, and then placed his own privates between the witness's legs and went backward and forward until he got some white stuff on him. The witness stated that the appellant wiped him off, bought him an ice cream cone on the way back to the clubhouse and warned him not to tell anyone of what had transpired.

Roy Parker, aged eight years, testified substantially as had the Morgan boy about the occurrence at the picture show. He further testified that after the show was over the appellant begged him for half an hour to get in his car with him and put his hand on the appellant's privates. He, too, declined.

Appellant's confession was introduced in evidence. Therein is detailed the incident at his home with the Morgan boy, the salient portion of which is as follows:

"During the time I showed him the boat he and I started playing around or horse playing. I felt of his penis unintentionally and he did mine. He unbuttoned his pants and later lowered them. We rubbed one another and mine went between his legs. The duration was short."

The novel thing about the confession is that it tells of attending the picture show on May 6, of sitting next to the boys and placing his hands on their shoulders, but does not tell of the fondling or the efforts to entice them into his automobile.

In the absence of an election having been made, we see nothing to prevent the jury from basing their conviction upon the incident at the appellant's home. Therefore, in the event the state attempted to prosecute for such incident, the question of jeopardy would arise.

Appellant did not testify, but offered the sheriff, who testified that he had taken the appellant to the Parker boy's home on May 7 and that the Parker boy in the presence of appellant had denied that appellant had bothered him at the picture show the night before.

Dr. Penley, a resident of appellant's home town, testified

for the appellant that he had examined and treated him and concluded that appellant had mild unnatural sexual compulsions which could be cured if appellant were not placed in prison.

The sole question presented for review is the admissibility of the evidence of what occurred at appellant's home with the Morgan boy sometime prior to the day charged in the indictment.

Appellant relies upon our recent opinion in Young v. State, (Page 163, this volume), 261 S. W. 2d 838. The apparent distinction lies in the fact that the Young case was reversed because of proof of separate acts of sodomy upon the Davis and Dickson boys who were not present when the offense for which Young was being tried was committed.

The other cases cited by appellant are prior to our holding in Johns v. State, 155 Tex. Cr. Rep. 503, 236 S. W. 2d 820. In that case we overruled our prior holdings and said that in cases involving incest and rape under the age of consent acts other than the one charged in the indictment were admissible as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust. The Johns case was followed in Gephart v. State, 157 Tex. Cr. Rep. 414, 249 S. W. 2d 612. We see no reason why this rule should not apply with equal reason to fondling cases.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

As stated in our original opinion, the sole question presented on this appeal is the admissibility of the evidence as to what occurred between appellant and the prosecuting witness at appellant's home about April first, the acts relied upon having occurred at the Boys' Club on May 6.

In our original opinion we held that the evidence as to these separate acts was admissible to show the unnatural attitude of appellant toward the boy and the probability of the charged act having occurred as testified by the prosecuting witness.

We also called attention to the fact that the confession of-

fered in evidence admitted the prior act, but though mentioning having sat next to the boys at the Boys' Club on May 6, appellant did not tell of the fondling here charged.

It is apparent that through the procedure employed the state would be in position to try an accused upon a subsequent disputed act and by proving an admitted prior fondling of the same child secure a conviction and severe punishment for both the disputed act and the admitted act.

With the rule in mind that the state is not bound by the allegation of the indictment as to the date of the offense "on or about" which it allegedly occurred, but may rely upon any date within the limitation period, we were impelled to remark that an attempt under such circumstances to secure a second conviction might constitute former jeopardy. We said in this connection:

"In the absence of an election having been made, we see nothing to prevent the jury from basing their conviction upon the incident at the appellant's home (on or about April 1st). Therefore, in the event the state attempted to prosecute for such incident, the question of jeopardy would arise."

This observation in no way affected our holding as to the admissibility of the testimony of the prior fondling for the purpose for which it was admitted.

If the quoted paragraph of our original opinion is not favorable to appellant, it does him no harm.

We remain convinced that there is no reversible error. Appellant's motion for rehearing is overruled.