## OGDEN W. MOODY V. STATE

No. 32,755. January 11, 1961

Motion for Rehearing Overruled March 8, 1961

McDonald, Judge, not participating.

*Spence, Martin* and *Richie,* by *Gene Richie,* Wichita Falls, (On appeal only) for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for incest; the punishment, 10 years.

The prosecutrix, age sixteen, testified that the appellant was her father and that he had had sexual intercourse with her since she was 10 or 11 years of age, and that such acts, at times, were as frequent as twice a month including an act on or about April 2, 1957 as alleged in the indictment. The state offered proof showing the making by appellant of voluntary written statement to the sheriff pertaining to the offense charged in this case and it was admitted in evidence. The statement shows that the appellant had acts of sexual intercourse with the prosecutrix.

Appellant, testifying in his own behalf, denied that he had ever had intercourse with the prosecutrix. He admitted signing the statement introduced in evidence but said he signed it because his daughter (the prosecutrix) had been arrested and he was of the impression she was in serious danger; and that the sheriff told him it would be lighter on him if he would sign it.

The court in its charge submitted the issue of the voluntary character of appellant's written statement to the jury.

It is insisted that the trial court erred in permitting a member of the grand jury to testify in rebuttal to testimony given by appellant on cross-examination by the state showing that he did not repudiate his written confession while testifying before the grand jury as he had on the trial.

The grand juror testified, without objection, that the appellant had appeared before the grand jury and had been told that he did not have to testify but was free to leave which he declined and then he was handed his written statement which had been introduced in evidence by the state. He further testified, without objection, that the appellant read the statement, said he signed it and that it was true, and made no claim that it was involuntarily made. At this time the appellant made no objection but moved to strike the testimony of the grand juror showing what appellant told the grand jury because such statements were not reduced to writing and witnessed as required by statute.

No objection was made when the testimony was introduced and no reason was shown for the failure to do so. After the next witness called by the state had testified without objection to substantially the same facts, appellant moved to strike it on the same grounds. These motions to strike the testimony came too late, hence no error is presented . 5 Tex. Jur. 2d 66, Sec. 39; Renfro v.

State, 156 Tex. Cr. R. 58, 242 S.W. 2d 772; Gephart v. State, 157 Tex Cr. R. 414, 249 S.W. 2d 612.

Appellant complains of the refusal of the trial court to grant a mistrial when a state's witness volunteered information that appellant had taken a lie detector test. After the witness testified without objection that appellant had told the grand jury his written statement was true, the witness was next asked if the appellant mentioned the officers offering him anything or threatening him and he replied: "No, sir, he did not. He said he went to Lubbock and took that lie detector test and he took it of his own free will and accord." To this answer appellant's counsel stated: "I object at this time to the testimony of Mr. Andrews and move for a mistrial on the ground that he has injected the question of a lie detector test." The "objection" which assigned no grounds to support it was overruled and the motion for a mistrial was not ruled on by the court or again mentioned or considered.

The "test" and what happened in Lubbock where he went for a test and where the statement was written was shown by appellant's testimony and the testimony of other witnesses without objection. No results of the test were offered or shown. From the record, this complaint does not present reversible error.

Appellant contends that the trial court erred in admitting evidence of acts of intercourse between the appellant and prosecutrix beyond the period of limitation.

Although there was evidence without objection of several acts which were barred by limitation, yet such testimony was admissible. John v. State, 236 S.W. 2d 820; Lozano v. State, 159 Tex. Cr. R. 613, 266 S.W. 2d 147; Happner v. State, 325 S.W. 2d 390.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court

McDonald, Judge, not participating.

ON MOTION FOR REHEARING

DICE, Judge

We have again reviewed the record in the light of appellant's

motion for rehearing and remain convinced that the court's action in refusing to strike the testimony admitted without objection with reference to appellant's statements before the grand jury does not present reversible error. The cases of Deckerd v. State, 88 Tex. Cr. R. 132, 225 S.W. 166, and Bussey v. State, 147 Tex. Cr. R. 447, 181 S.W. 2d 94, relied upon by appellant, are not controlling because the testimony in these cases was admitted over timely objection of the accused. We remain of the opinion that the court's failure to grant a mistrial after the State's witness volunteered information that appellant had taken a lie detector test does not present reversible error in view of the admission of other and similar testimony regarding the test without objection.

The motion for rehearing is overruled.

Opinion approved by the Court.