Walter Alvin GOODBREAD, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–00527–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1995.

Discretionary Review Granted Feb. 14, 1996.

Tom Donald Moran, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

**OPINION**

O'NEILL, Justice.

This is an appeal from the trial court's denial of appellant's pre-trial application for writ of habeas corpus. Appellant seeks to have thirteen pending indictments dismissed on double jeopardy grounds. We affirm.

**Background**

Appellant was indicted on January 27, 1995, in Cause No. 685297, for the felony offense of aggravated sexual assault of a child. The two paragraph indictment reads:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, WALTER ALVIN GOODBREAD SR., hereinafter styled Defendant, heretofore on or about JUNE 1, 1991, did then and there unlawfully, intentionally and knowingly cause the

penetration of the FEMALE SEXUAL ORGAN of STEPHANIE TINSLEY, hereinafter styled the Complainant, a person younger than fourteen years of age, by placing his sexual organ in the female sexual organ of the Complainant.

\* \* \* \* \* \*

It is further presented that in Harris County, Texas, WALTER ALVIN GOODBREAD, SR., hereinafter styled the Defendant, heretofore on or about June 1, 1991, did then and there unlawfully, intentionally and knowingly cause the sexual organ of STEPHANIE TINSLEY, a person younger than fourteen years of age, to CONTACT the MOUTH of the Defendant.

Cause No. 685297 was called to trial before a jury on February 21, 1995. The complainant testified that on an unspecified day in June, 1991, the events alleged in the second paragraph (oral sex) occurred, but not those alleged in the first paragraph (sexual intercourse). At that point the appellant sought, and was granted, a mistrial.[1] The State chose to continue the prosecution.

The next day, appellant filed a motion to quash the indictment, arguing that if the State was allowed to put on evidence of sexual intercourse, that would necessarily be a separate occurrence. The "on or about" language in the indictment, appellant argued, did not put him on notice that the State was prosecuting two separate offenses rather than two ways of violating the same statute in the same occurrence. The State responded that it would present evidence sufficient to establish that both paragraphs of the indictment occurred as part of a single criminal episode, only a couple of days later than the one about which the complainant had originally testified. Appellant's motion was denied.

On February 24, 1995, Cause No. 685297 was again called to trial. This time the complainant testified that on an unspecified evening in June, 1991, the acts alleged in both paragraphs of the indictment took place. The State ultimately dismissed the case when

---

1. Although the Statement of Facts is silent as to the trial court's reason for granting the mistrial, appellant's application for writ of habeas corpus states that "[t]he Court based its mistrial declaration on its belief that the complainant testified to an extraneous offense." Tr., p. 4.

an outcry witness testified that the outcry occurred prior to the events described by the complainant. After the dismissal, the State filed thirteen indictments against the appellant for thirteen separate offenses alleged to have been committed against the complainant. The acts described in the indictments are alleged to have occurred on dates that are distinct from the "on or about June 1, 1991" indictment in Cause No. 685297. Appellant filed a pre-trial application for writ of habeas corpus, challenging the thirteen pending indictments on double jeopardy grounds. The trial court denied the writ.

### The Issue

Appellant raises three points of error, all of which contend that prosecution of the thirteen indictments is barred by double jeopardy. Appellant argues that the State used the phrase "on or about" in Cause No. 685297 offensively to prove one incident in the first trial and a different incident in the second trial. Appellant argues that in doing so, the State "elected" to use the "on or about" language to include all similar incidents of sexual assault that may have occurred within the statute of limitations. Since the State elected to include all similar acts within the dismissed indictment, appellant contends, trying appellant on the thirteen pending indictments, all of which involve similar charges within the relevant limitations period, would place him in jeopardy a second time in violation of both the state and federal constitutions.

We believe the appellant's argument, though interesting, is based upon a faulty premise. We therefore affirm the trial court's denial of habeas corpus.

### Discussion

■ Appellant's argument combines several well-established legal principles. One is that the Fifth Amendment to the United States Constitution prohibits a state from twice putting a defendant in jeopardy for the same offense. *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978); *Ex Parte Little,* 887 S.W.2d 62, 64 (Tex.Crim.App.1994); *Parrish v. State,* 889 S.W.2d 658 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Another is the requirement, based upon the Sixth Amendment and other statutory authority, that an indictment must be sufficiently specific to act as a jeopardy bar to future prosecution for the offense charged in the indictment. *Moss v. State,* 850 S.W.2d 788, 793 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Finally implicated is the principle recognized in Texas that the State is not bound as to the date of an offense by the "on or about" allegation of the indictment, but may rely upon any date within the limitations period for a conviction. *Hill v. State,* 544 S.W.2d 411, 413 (Tex.Crim.App.1976). Appellant weaves these legal principles together and argues that the State, by using Cause No. 685297 to allow complainant to testify as to one occurrence in the first trial and a completely different occurrence in the second trial, elected to use the "on or about" language in the indictment offensively to encompass any occurrence that took place within the statute of limitations period. Therefore, appellant contends, jeopardy attached to all acts that could have been brought within the relevant statute of limitations period.

Appellant cites the opinion of the Court of Criminal Appeals in *Lozano v. State,* 159 Tex.Crim. 613, 266 S.W.2d 147 (1954) (opinion on rehearing) for recognizing the interaction between "on or about" language in an indictment and possible violation of double jeopardy protection. In *Lozano,* the defendant was charged with lascivious fondling of a male under the age of 14 based upon an incident that occurred on the night of May 6th at the Boys Club. Over the defendant's objection, the boy testified that some weeks prior to the day charged in the indictment, about April 1st, another fondling incident had occurred at the defendant's home. No election was made by the State, and the defendant was convicted. Mindful of the rule that the State is not bound as to the date of the offense by the "on or about" allegation of the indictment, the Court of Criminal Appeals stated:

> In the absence of an election having been made, we see nothing to prevent the jury from basing their conviction upon the incident at the appellant's home (on or about

April 1st). Therefore, in the event the State attempted to prosecute for such incident, the question of jeopardy would arise.

*Id.* 266 S.W.2d at 149.

Appellant takes the *Lozano* court's reasoning one step further and argues that when the State uses a single charging instrument to prosecute two different incidents, double jeopardy attaches for any act which could have been prosecuted under the indictment. While appellant's argument may pose an interesting question, we do not agree with appellant's fundamental premise that the same charging instrument was used to prosecute appellant for two different occurrences.

■ At the first trial, the complainant testified to a sexual assault occurring in June, 1991, that did not include the acts alleged in both paragraphs of the indictment. Unlike the situation in *Lozano* where the trial court admitted evidence of another offense, here the court granted a mistrial at the appellant's request.[2] Had the case proceeded to verdict and the State later used the same indictment to prosecute appellant for another occurrence, or had the trial court denied appellant's motion for mistrial and then allowed the complainant to testify about another incident involving both paragraphs of the indictment, then appellant's argument might be subject for review. However, when a mistrial was granted at appellant's request, it had the practical effect of nullifying all proceedings to that point and restoring the case to its pre-trial status, thus rendering the first trial "a nugatory proceeding." *Rodriguez v. State*, 852 S.W.2d 516, 519–520 (Tex.Crim. App.1993); 23 Tex.Jur.3d *Criminal Law* 2951 (1982). Therefore we must look to the *second* trial to determine whether the State used the indictment offensively to prosecute appellant for two different occurrences.

In the second trial, the complainant testified to one sexual assault, occurring in June, 1991, that included the acts alleged in both paragraphs of the indictment. No evidence of other criminal incidents was offered by the State, nor do we find reference in the record to other occurrences that could have been tried under Cause No. 685297. As the State readily acknowledges, because it chose to dismiss the case, double jeopardy dictates that the appellant cannot be tried again for that offense. However, the thirteen pending indictments, charging separate offenses, are not so barred.

■ The initial inquiry in reviewing a claim of double jeopardy is whether the State is attempting to prosecute the defendant more than once for the same offense. In *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex. Crim.App.1992) the Court of Criminal Appeals held that "what constitutes an 'offense' is largely a matter of state law."[3] It is well-established in Texas that one who repeatedly abuses the same victim may be held accountable for each act of abuse. Where the evidence shows two or more instances of sexual assault of a minor, each is a separate offense which the State may indict and prosecute separately. As stated by the Court of Criminal Appeals in *Vernon v. State*, 841 S.W.2d 407 (Tex.Crim.App.1992):

> Appellant's various acts of sexual misconduct, committed against his stepdaughter over a period of six years, do not in fact comprise a single offense under the laws of Texas. Rather, those who commit multiple discrete assaults against the same victim, are liable for separate prosecution and punishment for every instance of such criminal misconduct.

*Id.* at 410. Therefore, the thirteen pending indictments, because they each refer to a separate occurrence and not to the occurrence made the subject of the dismissed trial,

2. We note appellant's statement that the mistrial was granted because the trial court believed complainant had testified to an extraneous offense. *See* fn. *1.* An extraneous offense is any act of misconduct, whether or not it results in prosecution, *"which is not shown in the charging instrument* and which was shown to have been committed by the accused." *Worley v. State*, 870 S.W.2d 620, 622 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (emphasis in original). Appar-

ently the trial court determined the complainant's testimony in the first trial to be outside of the charging instrument.

3. We decline to apply the *Blockburger/Dixon* analysis where, as here, the appellant is charged with repeated violations of the same statute. *See Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex.Crim. App.1986).

are not jeopardy barred by the dismissal of Cause No. 685297. If the State seeks to offer evidence in those cases relating to other offenses not the subject of the pending indictments, the appellant may require the State to elect which offense it will rely upon to secure a conviction. *Scoggan v. State,* 799 S.W.2d 679, 680 (Tex.Crim.App.1990); *Worley v. State,* 870 S.W.2d 620, 622 (Tex.App.— Houston [1 Dist.] 1994, pet. ref'd). Whether the admission of other occurrences at trial without an election creates a jeopardy bar is not a question before this court based on the facts of this case.

Appellant's points of error are overruled.