## William Holliday v. The State.

*No. 1189. Decided October 16th, 1895.*

### 1. Aggravated Assault by an Adult Male Upon a Female—Evidence.

On a trial for aggravated assault by an adult male upon a female, proof that defendant was a "man," is sufficient to establish the fact that he was "an adult male."

### 2. Same—Charge.

On a trial for aggravated assault by an adult male upon a female, where the court charged the jury: "If you believe from the evidence, " etc., "that the defendant, William Holliday, an adult male," etc., "did commit an assault, as that term has been defined," etc., "upon Eliza Thomas, a female, then you will find him guilty," etc.; and it was objected that the charge was upon the weight of evidence in that, in effect, it told the jury that defendant was, "an adult male." Held: The objection was not tenable; and, besides, the fact, that defendant was an adult male, was not controverted, and it would not have been error had the court assumed such fact in the charge.

### 3. Same—Evidence—Violence Used to Prevent Intrusion Upon Property.

On a trial for aggravated assault, by an adult male upon a female, it was not error to exclude testimony to the effect that the witness had given defendant authority to keep intruders off his premises, where the evidence was that the sole occasion of the assault was because the injured party had called defendant a liar.

### 4. Same—Allegation and Proof as to Means Used.

Where the indictment charged an aggravated assault by an adult male upon a female, and then alleges that the means used, in making the assault, was a piece of scantling. Held: The allegation could be supported by proof that the means used was a piece of scantling, a picket or a pole, they being the same character of weapon.

Appeal from the County Court of Shelby. Tried below before Hon. Tom C. Davis, County Judge.

This appeal is from a conviction for aggravated assault, the punishment being assessed at a fine of $25.

The following statement, which is substantially correct, is taken from the brief of counsel for appellant, viz: On Sunday, the 9th day of December, 1894, the appellant (a man) was in charge as watchman, of certain extensive and valuable machinery located upon the mill yard, estimated to contain about ten acres, near the town of Timpson, as the agent of one of the owners, Thos. Noble, and the active member of the firm of Noble Bros. The appellant was charged with the duty of watching the machinery and other property upon the mill yard for the purpose of preserving it from interference or intrusion by unauthorized persons; that this machinery was protected from the weather by sheds, but was not otherwise protected, because the necessity of the business prevented. The machinery was located upon different parts of this ten acres of mill yard, together with other property necessary in the business, the mill yard not being enclosed. The machinery was operated six days in the week, but at night and on Sunday was not operated and was unprotected except by the appellant, as watchman. Previous to this time unauthorized persons had depredated upon the property and injured the machinery, and to prevent this the appellant was, by the owners, during the time the machinery was not in operation, placed in charge of said property, and instructed to allow no one to intrude upon

the same without his permission, and to keep all unauthorized persons off of said mill yard and away from said property. On the day first mentioned above, two of the alleged injured party's boys, aged about 8 and 10 respectively, were discovered by the appellant under one of the mill sheds, and near the machinery, and were directed by him to leave the premises, and one of them failed to obey. The appellant picked up a piece of timber and struck him lightly, which caused the boy to cry out and run out of the mill shed in the direction of his mother's house, some two hundred yards away, the appellant following the boy out of the mill shed and on to the mill yard. About this time the alleged injured party was seen coming towards the mill yard with a pole on her shoulder and talking loudly. She came on the mill yard and within one hundred feet of the machinery, where she met the appellant. After some words between them, according to some of the witnesses for the State, the appellant struck her with a piece of scantling, knocking her down twice; according to testimony of the appellant, he took the pole away from her as she was trying to strike him, and struck her with the pole. According to the testimony of the appellant, he tried to get her to leave, which was corroborated by one of the witnesses for the State. According to the testimony of other witnesses he did not. At the time the appellant struck the blows the boys and the daughter of the alleged injured party were present with chunks in their hands with which, according to the testimony of the appellant, they were trying to strike him. The testimany of the State being silent upon the subject, except as to Eliza Thomas, who said if they did try to strike him she did not see them. Immediately after the appellant struck Eliza Thomas, he called to one of the State's witnesses and requested him to take her away from there, which was done.

*D. M. Short & Sons*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried and convicted in the court below of an aggravated assault on an information preferred against him, and his punishment assessed at a fine of $25, and from said judgment he prosecutes this appeal. Appellant contends that there is no evidence showing that he was an adult male person. The only proof on this subject is to be found in the testimony of Eliza Thomas, which is, "that defendant was a man and she was a woman." A "man" is defined as a male adult of the human race, as distinguished from a woman or a boy; one who has attained manhood, or who is regarded as of manly estate. See 4 Cent. Dict., p. 632. And this is in accord with the common understanding of the definition of the term "man." Appellant also contends that the charge of the court was a charge on the weight of the evidence, in that the effect of it was to tell the jury that appellant was an adult male. The charge of the court in this regard was in these words: "If you believe from the evidence," etc., "that the defendant, William

Holliday, an adult male," etc., "did commit an assault, as that term has been defined," etc., "upon Eliza Thomas, a female, then you will find the defendant guilty of an aggravated assault," etc.   This charge, if properly construed, was, in our opinion, tantamount to telling the jury that they must believe beyond a reasonable doubt that William Holliday committed the assault, and that William Holliday was an adult male.   But, if it be conceded that the charge in this respect was subject to criticism, it is sufficient answer to this proposition to state that no issue was made by the defendant on this line, and the only testimony in the case was to the effect, as before stated, that the appellant was an adult male person, and this was not controverted.

Appellant also complains that the court refused to permit the testimony of one Noble, as shown by the qualification of the judge to appellant's bill of exceptions, to the effect that he (Noble) had given Holliday authority to keep intruders off his mill yard.   The remainder of the testimony included in appellant's lengthy bill of exceptions was not offered in evidence according to the court's qualification.   Appellant contends that this testimony was admissible under the fourth subdivision of Article 490 of the Penal Code.   Said article and subdivision says that violence used to the person does not amount to an assault and battery when used in preventing or interrupting an intrusion upon the lawful possession of property.   An examination of the record discloses that several witnesses testified (among them the defendant himself) that he was in the lawful possession of the mill and adjacent yard, but it fails to disclose that the assault was occasioned to prevent or interrupt such an intrusion.   He had, according to the testimony, a short time previously, ejected the child of the prosecuting witness from the mill, giving it a lick with a picket or scantling.   When the prosecuting witness came to the yard, which was some 100 feet from the mill, an altercation ensued between her and the defendant.   She called him a liar, and he then struck her, and, in his own testimony, he says that the sole occasion of his striking her was because she called him a liar.   So, in our opinion, the action of the court in rejecting this testimony was not error of which appellant can complain, and what is said in this connection applies to the refusal of the court to give in charge to the jury the special instruction asked on this subject by the appellant.

Appellant, in another assignment, complains that the court failed to instruct the jury that, before they could convict, they must find that the assault was made with a piece of scantling, and that the court also erred in refusing to give the special charge asked by the appellant on this subject.   It will be noted that the indictment does not charge the assault to have been an aggravated assault on account of having been committed with a piece of scantling characterized as a deadly weapon, but it charges that the assault to have been an aggravated one because committed by an adult male upon the person of a female; then defines the means used, to-wit: with a piece of scantling.   In the case referred to by counsel in his brief—McGee v. State, 5 Texas Crim. App., 492—it

will be noted the indictment charges the assault to have been an aggravated one on account of the weapon used being a deadly weapon, to-wit: a wagon box. The court, after deciding the case upon another ground, said: "We believe that the court ought to have given the special instruction asked by defendant, which is as follows: That the defendant is charged with having committed an assault with a wagon box, and that he cannot be convicted by proof of an assault with a picket, a drill or anything else." See, also, McGrew v. State, 19 Texas Crim. App., 302. In the case at bar it cannot be contended that the weapon used is described to characterize the offense as an aggravated assault, but, after an aggravated assault is charged, the indictment states that the same was committted with a piece of scantling. A number of witnesses testified that it was with a piece of scantling, while two witnesses testified to the contrary—one, that it was with a picket; and the other (who was the defendant himself), that it was with a pole. Whether the weapon used was a picket, a pole, or a piece of scantling, it was the same character of weapon; and, in our opinion, the same rule should govern a case of this character as would govern a case of murder. In such a case, if the fatal wound is described as inflicted with one character of stick or piece of wood, another kind of stick or piece of wood inflicting the same character of wound could be proved, and there would be no variance. See 2 Bish. Cr. Proc., p. 218, § 514, note, and the authorities in our State follow the same line. There being no error in the conviction in this case, the judgment is affirmed.

*Affirmed.*