MATT PEARSON v. THE STATE.

No. 7590.   Decided May 23, 1924.

Rehearing denied January 30, 1924.

1.—Transporting Intoxicating Liquor—Question of Fact—Practice on Appeal.

Where a certified copy of the trial judge's docket showed the defendant's motion to quash the jury list was overruled, and which therefore presents a question of fact, it must be presumed that the action of the Court was correct, in the absence of a showing to the contrary.

2.—Same—Jury Commission—Special Term—Veniremen.

The legal question which the appellant seeks to have reviewed, with reference to the jury commission to draw veniremen for the special term of court, has been decided against defendant. Following Bennett v. State, 254 S. W. Rep., 949.

3.—Same—Rehearing—Reforming Sentence.

Where defendant was charged with unlawfully transporting intoxicating liquor and the jury found him guilty of that offense, a judgment of the Court condemning defendant to the penitentiary for the offense of selling intoxicating liquor is so reformed that the offense is for unlawfully transporting liquor. Following Robinson v. State, 58 Texas Crim. Rep., 550, and other cases.

Appeal from the District Court of Montague.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chancellor & Bryan,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—By an indictment adequately framed and regularly presented, appellant was charged with the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant filed a motion to quash the venire, charging that on the 15th day of July, a special term of court was ordered by the district judge to be convened on the 7th day of August following, and the court intentionally refrained from having the jury commission draw veniremen for the special term. The motion avers that this omission was purposely done and not through inadvertence on the part of the State. No bill of exceptions is found complaining of the action of the court in overruling this motion. In fact, the minutes of the court do not reveal any action upon the motion to quash the venire. There is brought here, however, a certified copy of the trial judge's docket, showing the entries thereon, one of them being "defendant's motion to quash the jury list overruled" to which defendant excepts. The motion presents a question of fact, but in the absence of something authenticated by the trial judge bringing to the knowledge of this court facts which he found to be true or upon which the presumption in favor of the correctness of his ruling apparently would prevail.

The legal question which the appellant seeks to have reviewed has this day been decided adverse to his contention in the case of Bennett v. State, No. 7493, 254 S. W. Rep., 949. *

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 30, 1924.

MORROW, PRESIDING JUDGE.—The indictment consisting of a single count charges the offense of unlawfully transporting intoxicating liquor. That issue was submitted to the jury in the court's charge, the verdict found appellant guilty of that offense, and of that offense the court, in receiving and recording the verdict, expressly declared him guilty. On this motion it is shown that appellant is

condemned to the penitentiary for the offense of *selling intoxicating liquor.* In Article 938, C. C. P., it is declared that "the Court of Criminal Appeals may reform and correct as the law and the nature of the case may require." When the data necessary to enable the court to correct an improperly entered judgment is revealed by the record, this court has reformed the sentence on many occasions. In Small's·case, 38 S. W. Rep., 798, the majority opinion held to the contrary. That ruling was expressly rejected in Burk's case, 55 S. .W. Rep., 826. The latter view is in accord with the opinion ·of this court in River's case, 10 Texas Crim. App., 177; Robinson v. State, 58 Texas Crim. Rep., 550, and many other cases collated in Branch's Ann. Tex. P. C., Sec. 668, and in Vernon's Tex. Crim. Stat., Vol. 2, p. 900.

The sentence is reformed to agree with the indictment, verdict and judgment sentencing the appellant to confinement in the penitentiary for a period of one year for the offense of unlawfully transporting liquor. In other respects, the motion is overruled.

*Overruled.*