LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Bowie county of robhery, and his punishment fixed at five years in the penitentiary.
 

 Two young men who were staying in a tent, according to the State’s testimony, held up two negro men at the point of a pistol, on the occasion inquired about, and took from one of them $7.55. On the trial both of the negroes testified positively identifying appellant as .one of the robbers, and another man who happened along the road just immediately afterward, testified to seeing appellant and his companion a little way from the point where the negroes claimed to have been robbed. The matter was reported, and that afternoon officers who went to the tent saw the two defendants running away in an opposite direction from that in which the officers were approaching. One of the officers fired a shot between the fleeing youths intending to stop them. They made their escape. The next morning at a point some twelve miles distant from the tent they were again approached
 
 *585
 
 by officers as they walked upon a railroad track. They started to flee but the officers produced a gun and threatened injury unless they stopped, and they surrendered. Search of them revealed money in appellant’s pocket in amount either $7.55 or $8.05, the officer was not quite sure which, and the other had a pistol.
 

 For the appellant Mrs. Martin, mother of one of the young men, took the stand and testified, claiming to have given them money enough to cover the amount found on them and to other facts tending to rebut the State’s case. On cross-examination she denied having told parties that the boys had won the money from the negroes in a crap game. She was impeached by a witness who testified that she did so state. Appellant took the stand and denied his guilt, and stated that he and his companion had bought some whiskey from the prosecuting negroes, asserting this apparently as a motive for the action and attitude of said witnesses in prosecuting him.
 

 Appellant complains by a bill of exceptions of the testimony showing that a pistol was taken from his companion at the time they were arrested. In view of the fact that the assault and robbery were accomplished by the use of a pistol, this testimony was admissible. The parties charged were found together the day after the robbery. That one of them had a weapon similar to that with which the alleged robbery was effected, would be competent for the purpose of identifying the appellant and as a circumstance corroborating the State’s theory of the method of such robbery.
 

 "We perceive no force in the objection offered to the testimony of Mr. McDuffie to the effect that Shafer pointed out a place subsequent to the robbery as the place where the negroes were robbed. The matter is and was of such little materiality, and shows that no persons were named in connection with the statement of Shafer, as that we would be compelled to hold it impossible of any prejudicial effect.
 

 Bill of exceptions No.
 
 4
 
 is in question and answer form and cannot be considered. Bill No. 5 presents the appellant’s objection to a question and its answer, propounded to Mrs. Martin, the mother of appellant’s co-defendant. Said question was asked for the purpose of laying a predicate for impeachment, and for that purpose was admissible. Bill No. 6 presents the objection to the testimony offered to impeach the witness Mrs. Martin. The statement made by her and- proved by this testimony was material in that it showed, her interest in the concealment of the offense and the effort to show that the defendants came by the money which was found on them in a different manner from taking it from the State witnesses.
 

 Bill No. 7 was taken to the lack of evidence showing venue. Art. 938 of our C. G. P. directs that the venue shall not be made an issue before this court unless it was so made in the trial court. The
 
 *586
 
 bill under discussion was taken to the refusal of the motion for new trial based in part on the proposition that the venue was not proven. If such matter was to be made an issue at all, it should have been made so during the trial of the case.
 

 The remaining bill of exceptions was taken to the action of the trial court in permitting a witness to testify to the acts and statements of Mrs. Martin at the time the officers approached her tent in an effort to arrest the defendants. It was shown that she took a gun and interfered in the effort to arrest, and threatened to shoot the officers. We are not quite clear as to the extent testimony may go in showing the acts of those who aid prisoners to escape and who thus identify themselves with the antecedent criminal acts of such parties, but as the matter of the acts and conduct of said witness, Mrs. Martin, for the defense, on said occasion, seems such as could hardly be appropriated by the jury for the purpose of affecting the guilt or innocence of appellant, and inasmuch as the case seems to show by overwhelming testimony the guilt of the accused, and that the jury gave him the lowest penalty, there seems little room for claim that the testimony of what was said and done by said woman, even if inadmissible, was hurtful and we ■ must decline to reverse the case for the admission of said testimony.
 

 The judgment will be affirmed.
 

 Affirmed.