LEE LAWRENCE v. THE STATE.

No. 14012. Delivered February 25, 1931.
Rehearing Denied April 1, 1931.

The opinion states the case.

*W. R. Smith, Jr.,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor; punishment being three years in the penitentiary.

The State's evidence showed that appellant had made arrangements with a negro woman to let him store intoxicating liquor in her house and that he frequently brought it there in large quantities and would take it away in smaller amounts. The evidence was ample to show that appellant transported the liquor.

It is suggested in appellant's brief that the evidence failed to show venue, that is, that there is no evidence showing the offense to have been committed in Travis county. It is sufficient answer to say that no such issue was made in the court below and under the terms of Art. 847, C. C. P., it cannot now be raised in this court.

The only bill of exception brought forward is upon a claim that a prejudiced juror sat in the case. The motion for new trial was overruled on the 16th day of July, at which time notice of appeal was given and the court entered an order granting sixty days from that date in which to file statement of facts and bills of exception. The sixty days expired on the 14th day of September. No further extension order was

made prior to the expiration of the sixty days. On the 14th day of October and after the trial term of court had adjourned, the court entered an order extending the time to ninety days. This court has repeatedly held that an order made after the time of the first extension has expired is unauthorized and without effect. Leago v. State, 112 Texas Crim. Rep., 39, 13 S. W. (2d) 852; Ibeck v. State, 112 Texas Crim. Rep., 287, 16 S. W. (2d) 232. This is no new holding of the court. Some of the older cases will be found cited in the opinions in the cases mentioned. The bill in the present case was not filed until the 14th day of October. For the reasons given, it cannot be considered.

The verdict of the jury specifically found appellant guilty under the second count of the indictment, which charged him with the transportation of intoxicating liquor. By oversight the judgment did not follow the verdict, but adjudged appellant to be guilty of possessing intoxicating liquor for the purpose of sale. The sentence is likewise faulty in that it followed the judgment. The judgment and sentence will be reformed to show that appellant was adjudged to be guilty of transporting intoxicating liquor and sentenced for the same offense.

As thus reformed, the judgment is affirmed.

*Reformed and affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant moves for rehearing upon two grounds, viz: that we erred in not upholding his contention that the venue was not proved in this case, and in giving effect to the statutory presumption where the question was not raised on the trial; also that we erred under the facts in this case as developed by the record, in reforming a judgment in a case in which conviction was had upon one count and the judgment and sentence followed a different count in the indictment. We have again examined the record with a view of ascertaining if the issue of venue was raised upon the trial. We find that appellant presented a requested charge for a peremptory instruction of acquittal, but in the charge he sets out no ground or reason for such request. In his motion for new trial he does set out that the reason he presented such request for said peremptory instruction was that the venue was not proved. This court has often held that unless the issue of venue was raised prior to the filing of the motion for new trial, the presumption in favor of the proof of venue will be indulged. Tullos v. State, 99 Texas Crim. Rep., 551, 270 S. W., 1021; Brown v. State, 71 Texas Crim. Rep., 353, 162 S. W., 339; Thompson v. State, 72 Texas Crim. Rep., 6, 160 S. W., 685.

The rule uniformly adhered to by this court for many years has been that of reforming judgments where there are two counts in the

indictment and a verdict is rendered specifying that the accused is found guilty of the offense charged in one, but the judgment and sentence, or either, follows the other count. The case of Small v. State (Texas Crim. App.), 38 S. W., 798, cited and relied upon by appellant in his motion, was overruled in Pearson v. State, 96 Texas Crim. Rep., 453, 257 S. W., 895.

The motion for rehearing will be overruled.

*Overruled.*