EX PARTE JOHN HENLEY.

No. 24797. May 10, 1950.

*John W. Laird,* Austin, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This application was filed in the Criminal District Court No. 2, Harris County, Texas, seeking to secure the release of the petitioner John Henley from confinement in the state penitentiary. The court heard the evidence and certified same to this court. It is, therefore, considered by us as if filed originally in this court.

The ground alleged is based upon his contention that he was forced to trial without counsel; that he was incapable of representing himself adequately; that he was taken advantage of in the absence of his counsel under circumstances showing that his trial was in violation of the due process of law.

The petition sets out at length the procedure relied on. The Honorable Langston King heard the evidence on the issues thus raised and certified the same to this court for action. From the evidence found in the record there was quite a controverted issue as to whether or not appellant was represented by counsel. Honorable Sam Hill, an attorney, who filed a motion for a new trial and appealed the case to this court, as shown in Henley v. State, 117 Tex. Cr. R. 228, 36 S. W. 2d 1018, was called as a witness. He recognized his handwriting on the pleadings, but had no personal recollection of what occurred. The prosecuting witness in the original trial testified at this hearing that a heavy-set man sat by appellant while he was on trial and that he stood before the jury, after the evidence was in, and talked in favor of Henley.

As an aggravating circumstance the petition alleges that he had employed counsel through a bondsman but did not know the name of the attorney. He says that when his case was called for trial the attorney failed to appear and that he filed a motion for a continuance until he could procure the services of an attorney. Documentary evidence introduced fails to indicate that such a motion was filed. It was not alleged as a ground for a new trial. Evidence which we consider conclusive on the issue as to whether or not he was represented by an attorney

is found in the court's judgment dated October 9, 1930, which reads as follows: "This day this cause was called for trial, and the State appeared by her District Attorney, and the Defendant, John Henly, appeared in person and by Counsel, and both parties announced ready for trial."

The question attempted to be raised at this time could have been presented on appeal, but it was not. In consequence of the foregoing, it is our conclusion that the evidence fails to sustain the allegation. By this we do not mean to indicate that the allegations, within themselves, are sufficient, if proven, to warrant an order releasing relator from custody. Since the grounds alleged were not proven it is not necessary to discuss the question of law.

The application for writ of habeas corpus is refused.