## ARTIMIO VALDEZ V. STATE.

No. 25331. June 6, 1951.

Hon. Eugene C. Williams, Judge Presiding.

*Joe Dickson,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information alleged appellant to be an adult male, and charged that he made an assault upon prosecutrix, who was alleged to be a female. Upon a plea of not guilty before the court, he was convicted of aggravated assault and his punishment was assessed at 90 days in jail and a fine of $100.

The state's evidence shows that prosecuting witness identified appellant as being the man who followed her in a car and who then got into her car while she was stopped at a signal light, touched her on the shoulder and said "You know what I want, I am going with you."

It is contended that the evidence is insufficient to sustain the

conviction in that venue was not proved, and there is no evidence to show that appellant was an adult male.

These contentions were first raised in appellant's motion for new trial.

Under the provisions of Art. 847, C.C.P., in the absence of a bill of exceptions showing that such issue was raised on the trial, this court must presume that venue was proved. See authorities listed under Art. 847, Note 5, Vernon's Ann. C.C.P.

The term "adult male" as used in the definition of aggravated assault means a male who has attained the full age of 21 years. See Waldrep v. State, 150 Tex. Cr. R. 175, 199 S.W. 2d 781.

No question was raised on the trial as to appellant's not being an adult male, but no witness appears to have testified as to his age.

The witnesses, however, referred to appellant as "a man," and the testimony shows that he was married and occupied a house where witnesses said they saw his wife and a small baby.

A "man" is defined to be an adult male of the human race as distinguished from a boy or a woman.

Under similar facts, the question here raised has been decided against appellant's contention. See Holliday v. State, 35 Tex. Cr. R. 133, 32 S.W. 538; Tucker v. State, 43 S.W. 106.

The lone bill of exceptions found in the record complains of the introduction of a pair of trousers found at appellant's home.

The prosecuting witness had testified that appellant sat down on some apple dumplings which she had in her car. The trousers were shown to have had evidence of some such substance on their seat.

It will not be necessary to pass upon the question of whether such trousers were obtained as the result of an illegal search for the reason that no injury is shown in their being offered in evidence. The trousers were offered only on the question of the identity of appellant as the person who entered the automobile and made the assault. We see no other purpose the evidence might serve. Such identity was shown without dispute by the

testimony of the injured party, and by the testimony of the witnesses who described the condition of such trousers. No objection appears to have been made to this testimony.

In the absence of injury or prejudice, the introduction of the trousers, if error, would not warrant a reversal of the conviction.

The evidence being deemed sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.