T. B. ANDREWS V. STATE

No. 27,560. April 20, 1955
Rehearing Denied May 25, 1955

### PER CURIAM

The offense is driving while intoxicated; the punishment, 10 days in jail and a fine of $350.00.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

A statement of facts filed in the trial court within the time allowed by law has been forwarded to this court. The statement of facts and informal bills shown therein will be considered.

Three police officers testified that appellant drove an automobile upon a public street and expressed the opinion that he was at the time intoxicated. They each described his actions and conduct and the odor of alcohol about him, and each testified to their prior experience in observing intoxicated persons. A pint bottle about a quarter full of gin was found in the car.

Appellant testified that he had consumed but two drinks or jiggers of whiskey on the day in question, and was not intoxi-

cated. He was corroborated by the testimony of his wife, who was with him in the car, and offered other witnesses who said that he was sober a short time previously. Other witnesses testified to appellant's good reputation.

The sole disputed issue relevant to the offense charged was that of the state of sobriety or intoxication of the defendant on the occasion, and the jury chose to accept the version of the state's witnesses on that issue.

A large portion of the evidence related to the time of the arrest and thereafter, the defense testimony showing mistreatment of both appellant and his wife being sharply contested and denied by testimony of the officers.

We have not been favored with a brief on appellant's behalf and will discuss the bills which are deemed by us to be his principal complaints.

Officer Fisher testified that when he walked up to the car he asked appellant if he had been drinking, that appellant's wife said yes, and he said no.

The statement of the wife appears to have been admissible as res gestae. Eitel v. State, 78 Texas Cr. R. 552, 182 S.W. 318. If not, the same testimony was later elicited without objection, and any error in the matter was waived.

The partly filled bottle of gin was not offered in evidence, and appellant objected to the testimony of the officer in regard thereto as not being the best evidence.

It was shown that the bottle of gin was "out in the hall." The fact that it was not produced was not ground for excluding testimony of the witness who inspected it.

Over objection that her condition was not material, Officer Lynch was permitted to testify that appellant's wife appeared to be under the influence of alcohol to some extent at the time in question.

This bill shows no error.

The trial court did not err in excluding testimony regarding the claimed mistreatment of appellant and his wife after

they were taken to jail, such not being relevant on the question of appellant's guilt of driving while intoxicated.

The evidence is sufficient to sustain the conviction and no reversible error appears.

Appellant's motion for rehearing is overruled.

*Leon Douglas,* State's Attorney, Austin, for the state.