## GOLIE DICKEY V. STATE

No. 27,772. November 2, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 4, 1956

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $50.00.

Appellant's confession recited that she drove an automobile belonging to one Wilson to Eden in Concho County and there bought a case of wine, one-half case of whiskey, and a pint of gin; that on her way back to Coleman she had drunk some of the gin; that a tire had blown out and the automobile overturned.

A deputy sheriff, an inspector of the Texas Liquor Control Board, and a highway patrolman saw the accused while she was in an ambulance shortly after the accident and testified that they smelled intoxicants and expressed the opinion that the appellant was intoxicated.

Appellant, testifying in her own behalf, denied that portion of the confession in which she said, "I had been drinking gin since we left the liquor store up until the accident," but did admit that she had taken three sips of the gin and that there was about an inch gone out of the bottle.

Dr. Young testified that he examined the accused at the hospital after the arrival of the ambulance, denied that he smelled intoxicants, and expressed the opinion that the appellant was not intoxicated.

The jury resolved the disputed issue of the appellant's intoxication against her, and we find the evidence sufficient to support the conviction.

Appellant contends that the state failed to prove venue. No issue was raised in the trial court, and hence we are to presume that venue was proven. Article 847, V.A.C.C.P.; Laird v. State, 160 Texas Cr. R. 264, 268 S.W. 2d 158.

Bill of Exception No. 1 complains of the overruling of her objection to the introduction of the confession on the grounds that the appellant was not in possession of her mental faculties when it was taken because the doctor had administered drugs to her on the preceding night.

The trial court in his charge told the jury not to consider the confession of the appellant if they found that she was not in full use of her mental faculties at the time it was made. No error is reflected by the bill.

Finding no reversible error, the judgment of the trial court is affirmed.