## HERMAN BOYD MASTERS V. STATE

No. 29,126. June 26, 1957.
Appellant's Motion for Rehearing Overruled
October 16, 1957.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) November 13, 1957.

*Petry & Dean,* by *John W. Claybrook,* Carrizo Springs, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

The testimony of two highway patrolmen shows that the appellant was intoxicated while driving his automobile upon a public highway between Crystal City and Carrizo Springs.

Appellant testifying in his own behalf denied that he was intoxicated at the time in question but admitted drinking two or three bottles of beer during the afternoon before he was apprehended about 5:30 P.M. He called several witnesses who testified that they saw him within a short time after his arrest and that he was not then intoxicated.

Appellant contends that the evidence is not sufficient to sus-

tain the conviction because the state failed to prove venue, that is, it failed to prove that the offense occurred in Dimmit County as alleged.

Formal Bill of Exception No. 1 shows that when all the evidence by both parties had closed appellant moved for an instructed verdict on the ground that the evidence was "wholly insufficient to sustain a finding of all the essential elements of the offense charged," but the motion contained no allegation of the failure to prove venue. The motion was overruled and appellant excepted.

Formal Bill of Exception No. 2 shows that after the return and receipt of the jury's verdict appellant presented what he designates as his motion for a judgment of acquittal notwithstanding the verdict wherein he re-urges his contentions presented in his motion for an instructed verdict, and further insists that there was no evidence that the offense occurred in Dimmit County as alleged which motion was overruled and exception reserved.

The record fails to show that the attention of the trial court was directed to the failure of the state to prove venue prior to the return and receipt of the verdict of the jury. Neither of said bills of exception show that venue was made an issue in the trial court. Art. 847, Vernon's Ann. C.C.P., in part provides: "The Court of Criminal Appeals * * * shall presume that the venue was proven in the court below; * * * unless such matters were made an issue in the court below, and it affirmatively appears * * * by a bill of exceptions." If venue was to be made an issue, it should have been made so during the trial of the case. Therefore no error is here presented. 4 Texas Jur. 184, Sec. 133; 4 Texas Jur. 369, Sec. 249; Wilson v. State, 92 Texas Cr. Rep. 30, 241 S.W. 150; Tullos v. State, 99 Texas Cr. Rep. 551, 270 S.W. 1021; Lawrence v. State, 117 Texas Cr. Rep. 228, 36 S.W. 2d 1018; Cantrell v. State, 129 Texas Cr. Rep. 240, 86 S.W. 2d 777; Valdez v. State, 156 Texas Cr. Rep. 192, 240 S.W. 2d 320; Dickey v. State, 162 Texas Cr. Rep. 322, 284 S.W. 2d 901.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant insists that his request for an instructed verdict, at the close of the testimony, because the evidence was "wholly insufficient to sustain a finding of all the essential elements of the offense charged" was sufficient to show that he was challenging the sufficiency of the evidence to show venue, thereby making venue an issue in his trial.

If appellant's contention be correct that a mere general challenge of the sufficiency of the evidence to support the conviction would be sufficient to require a review of the evidence as to proof of venue, then that part of Art. 847, C.C.P., is meaningless which says that proof of venue is presumed unless made an issue in the trial.

It must be remembered that under Art. 848, C.C.P., it is not only the province but the duty of this court to reverse a conviction where the facts before us fail to show the guilt of the accused.

To prevent this court from consideration of the question of proof of venue under such general authority, the legislature enacted Art. 847, C.C.P.

It is therefore apparent that this court is without authority to reverse a conviction because of the absence of proof of venue, unless the record before us reflects that upon the trial of the case the accused challenged the sufficiency of the evidence to show venue.

We remain convinced that this record does not warrant the conclusion that venue was an issue upon the trial of this case.

Appellant's motion for rehearing is overruled.