**Gussie LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36611.

Court of Criminal Appeals of Texas.

March 4, 1964.

Milton H. Mulitz, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Sidney Farmer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 30 days in jail and a fine of $250.

Texas Highway Patrolman Barnfield testified that he observed the appellant driving his automobile on a public highway in Harris County at a speed of about 10 miles per hour. He stopped the appellant after observing that the car he was driving was weaving onto the shoulder and across the center line of the highway. He assisted the appellant from his car, observed that his speech was incoherent, his words were "jerky", his eyes were red and glassy, his face was flushed, and he had a strong odor of alcohol on his breath. (The witness also testified as to how the appellant walked, and that he had a physical disability.)

The witness Barnfield expressed the opinion that the appellant was intoxicated.

Herbert Force, who was riding with Patrolman Barnfield, also expressed the opinion, based upon his observation of him after his arrest, that the appellant was intoxicated.

The appellant testified that he had been fishing with his wife, had consumed only three bottles of beer, and was not intoxicated.

Appellant's wife, who was with him when he was stopped, was not called as a witness for the appellant.

■ The jury resolved the issue as to appellant's intoxication against him and the evidence is sufficient to sustain the verdict.

■ Over the objection that she was not on trial and that the evidence was immaterial and irrelevant to any question involved in this particular case, the witness Barnfield was permitted to testify that appellant's wife was also, in his opinion, intoxicated.

The witness Force, over similar objection, also testified that he smelled alcohol on her breath and formed the opinion that the lady was intoxicated.

We see no error. Andrews v. State, 161 Tex.Cr.R. 550, 279 S.W.2d 331; Watkins v. State, 165 Tex.Cr.R. 20, 302 S.W.2d 435; McClain v. State, Tex.Cr.App., 372 S.W.2d 341.

■ The remaining complaint relates to the admissibility of testimony of the witness Force to the effect that appellant's wife had a pistol.

The question, answer and the objection overruled were:

"Q. Did you have occasion to see anything unusual in the person of the woman who was there?

"A. When we were about ready to leave, there was a pistol brought out."

Appellant's counsel: "Objection to that your Honor."

The overruling of such objection does not constitute ground for reversal.

Even so, the appellant thereafter testified that his wife had a pistol with her at the time he was stopped.

No error appearing, the judgment is affirmed.