Jesus Foster VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 45803.

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Julio A. Garcia, Laredo, for appellant.

Carlos Castillon, Dist. Atty., Laredo, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is statutory rape; the punishment, forty (40) years.

■ Appellant's first two grounds of error contend that the court erred in sustaining the State's objection to a question propounded to the 14-year old prosecutrix by defense counsel as to how many times she had had sexual intercourse with her 23-year old former boyfriend.

The trial court ruled that since the prosecutrix was under the age of 15, her unchaste condition was not in question, save as to the punishment.

The court's ruling on the objection is as follows:

"The court is not allowing any evidence as to previous unchaste character. However, I will allow it if this defendant is convicted at the second stage which is the punishment stage. I will allow the defendant to show, if he has such evidence, that the prosecuting witness had relations with other men."

Appellant relies upon Massey v. State, Tex.Cr.App., 447 S.W.2d 161. A better understanding of Massey, supra, comes from an analysis of the following cases. In the early case of Lusty v. State, 97 Tex.Cr.R. 167, 261 S.W. 775, the Court said:

". . . It is a general rule that in cases of rape, where the subject of the offense is under the age of consent, previous relations with others are not material. . . . This rule is subject to

exceptions, however . . . [such as] testimony introduced upon behalf of the state goes to a case of force.

\*   \*   \*   \*   \*   \*

"*The proof of force [t]ends to cause the jury to assess a high penalty, and when it is relied on by the state the accused should be permitted to combat by the evidence usual in force cases. . . . it is believed that the offer of impeachment by the means mentioned should not have been rejected.*" [Emphasis supplied.]

Thereafter, in Duty v. State, 114 Tex. Cr.R. 420, 25 S.W.2d 834, we find the following:

". . . The prosecutrix in this case having testified that she was forcibly raped, and that she resisted and cried, and tried to prevent the act, we would think it admissible to prove that she had been carnally known by others than the accused prior to the occurrence charged, *if for no other reason save as affecting the issue of consent and in mitigation of the penalty.*" [Emphasis supplied.]

This Court again addressed itself to the problem in Graham v. State, 125 Tex.Cr.R. 210, 67 S.W.2d 296, stating:

"Also, in cases where the indictment charges rape upon a female under the age of consent, and such female testifies that she was forcibly raped, proof of previous acts of intercourse with other named men is admissible *in mitigation of the punishment.* Duty v. State, 114 Tex. Cr.R. 420, 25 S.W.2d 834; Lusty v. State, 97 Tex.Cr.R. 167, 261 S.W. 775." [Emphasis supplied.]

These cases were again given application in Massey v. State, supra. From the above, it is clear that the court was correct in his ruling that such evidence was admissible only at the second stage of the trial on the question of punishment.[1] In this

1. At the time the above opinions were written this State had only unitary trials and evidence admissible on punishment

was admitted at the one stage trial. At the time of the trial of the case at bar Texas had by statute provided for bi-

connection we notice that the appellant, though permitted by the trial court, made no effort to introduce such evidence at the punishment stage where as here the rape was committed by force.

 Ground of error number three claims that the proof fails to show that appellant was the same person who had been convicted in the prior conviction introduced at the hearing on punishment.

The Deputy District Clerk of Webb County testified that she was present in court on July 16, 1968, and identified appellant as the same person convicted of assault with intent to rape on that date. Appellant did not object to the District Clerk's testimony. Nothing is presented for review. Jenkins v. State, Tex.Cr.App., 488 S.W.2d 130; Howard v. State, Tex. Cr.App., 480 S.W.2d 191.

 Ground of error number four complains that the State was permitted to show that the punishment assessed for the prior conviction was four years. No objection was interposed at the time such proof was made and nothing is presented for review. Jackson v. State, Tex.Cr.App., 477 S.W.2d 879; Bitela v. State, Tex.Cr.App., 463 S. W.2d 738.

 Ground of error number five relates to the alleged failure of the State to prove venue. No issue was made during the trial as to venue. Article 44.24, Vernon's Ann.C.C.P., provides that this Court shall presume that venue was proven in the Court below, unless an issue is made during the course of the trial. McCoy v. State, Tex.Cr.App., 478 S.W.2d 480; Watkins v. State, 165 Tex.Cr.R. 20, 302 S.W.2d 435; Dickey v. State, 162 Tex.Cr.R. 322, 284 S.W.2d 901.

 Appellant's next three grounds of error complain of the court's failure to

furcated trials. This evidence admissible only on punishment became admissible at the second stage of the trial.

grant a mistrial when the prosecutor made certain argument. We fail to find that any objection was interposed during such argument and nothing is presented for review. Booty v. State, Tex.Cr.App., 456 S. W.2d 64; Green v. State, Tex.Cr.App., 454 S.W.2d 750.

 The last ground of error complains of the sufficiency of the evidence to support the conviction.

Appellant concedes, with citation of authorities, that testimony of the prosecutrix alone may be sufficient to sustain a conviction in a rape case. However, he petitions this Court to examine her testimony and find that it does not bear the mark of truth. This we have done and conclude that the question of her veracity was one for the jury and overrule appellant's last ground of error.

Finding no reversible error, the judgment is affirmed.[2]

2. We wish to commend the District Clerk of Webb County for the manner in which this record was prepared. The table of contents is comprehensive and the docket sheet is typed.