**Doyle Dean KEETER, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–103–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1987.

Tom Crum, Granbury, for appellant.

Dan B. Grissom, Dist. Atty., and Andrew Ottaway, Asst. Dist. Atty., Granbury, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

Upon his plea of guilty, appellant was convicted of aggravated sexual assault. *See* TEX.PENAL CODE secs. 22.011 and 22.021 (Vernon Supp.1987). The jury assessed punishment at five years confinement in the Texas Department of Corrections.

We affirm.

Appellant, age 20, was charged with having committed sexual intercourse with S_____, who was not the spouse of appellant and who was younger than fourteen years at the time of the offense.

Appellant's first point of error complains of the trial court's ruling excluding evidence that S_____ had engaged in prior sexual conduct. Appellant offered into evidence letters from S_____ to appellant which made references suggesting previous sexual conduct between appellant and S_____, and also testimony that S_____ engaged in sexual intercourse with other males prior to appellant's offense. The trial court con-

ducted an in-camera hearing and determined that the excluded evidence was not material to an issue of fact in the case and that its inflammatory and prejudicial nature outweighed any probative value that it might have had in regard to the punishment hearing. TEX.PENAL CODE ANN. sec. 22.065 (Vernon Supp.1987).[1]

■ We disagree with appellant's contention that evidence that S_____ was promiscuous was admissible in mitigation of punishment. Evidence of the prior criminal record, general reputation, and character of a defendant, may be admitted into evidence during the penalty phase. TEX. CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a) (Vernon 1981). What constitutes admissible mitigating evidence is defined either by statute or by case law. *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex.Crim.App. 1979), *cert. denied*, 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). Mitigating evidence defined by case law relates closely to the statutory factors. *Id.* Whether or not evidence is relevant to an issue within the case, lies within the sound discretion of the trial court, and the trial court's determination of relevancy will not be reversed unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637, 640 (Tex.Crim.App.1976).

Appellant cites *Vasquez v. State*, 491 S.W.2d 173 (Tex.Crim.App.1973) as authority that evidence of S_____'s prior sexual conduct would be admissible in mitigation of punishment. In *Vasquez*, the court stated the general rule that evidence of previous sexual relations of a rape victim under the age of consent was not material, *see Lusty v. State*, 97 Tex.Cr.R. 167, 261 S.W. 775, 776 (1924), and discussed earlier decisions dealing with an exception to the rule that proof of an underage victim's promiscuity was admissible in mitigation of punishment when there was evidence that the victim was forcibly raped. The exception does not apply to the instant case because

---

1. Evidence of Previous Sexual Conduct, Ch. 203, sec. 3, 1975 Tex.Gen.Laws 477; *repealed by* Act of December 18, 1985, ch. 685, sec. 9(b), 1985

Tex.Gen.Laws 2474 (currently TEX.R.CRIM. EVID. 412, 701 S.W.2d XXXIX).

there was no evidence offered that appellant forced S____ to engage in sexual conduct.

Further, we find that the trial court correctly excluded evidence of the victim's prior sexual conduct under the rape shield law, TEX.PENAL CODE ANN. sec. 22.065 (Vernon Supp.1987),[2] because the evidence was not material to the issue of appellant's character. *White v. State*, 444 S.W.2d 921, 923 (Tex.Crim.App.1969). It was incumbent upon appellant to make a preliminary showing that the evidence was material to an issue in the case by showing a reasonable basis for believing the evidence to be pertinent. *See Allen v. State*, 700 S.W.2d 924, 929 (Tex.Crim.App.1985). In the absence of a showing that the trial court abused its discretion, we overrule appellant's first point of error.

■ Appellant, in his second point of error, complains that the court erred in overruling his motion for mistrial made in closing argument. In closing argument, the State's attorney made the following statement to the jury:

Defense Counsel says, in effect, you take these people—and he calls them both kids. You take these kids, you take [S____] as you find her. And he says, "You can't make kids into something that they're not." I don't agree with that. I think you can make a kid into something that they're not or something that they wouldn't be, if given half the chance. I think Dean Keeter can make somebody into something that they're not or that they wouldn't have been, and that's exactly what he did in this case.

Appellant objected that the State's argument was outside the record and prejudicial. The court sustained appellant's objection and appellant moved for mistrial. Appellant contends that the objectionable argument implied that appellant was the first and only sexual partner of S____.

In response to appellant's second point of error, the State contends that its argument

was in response to argument of the appellant and that any error was cured by the court's instruction to disregard. Prior to the above-quoted argument of the State, counsel for appellant made the following statements:

Now, they want to make you think that he took advantage of a 13-year-old girl. They thought they were in love with each other. They don't deny that she was a willing participant in this. They don't deny that they thought that they were in love with each other. The only thing is that it's a crime to have sexual intercourse with somebody that's under 14 years of age. He did that.

. . . .

These kids aren't what I would consider or you would consider, probably, ideal kids. They use language we might not approve of. They do things that we might not approve of. But they do it willingly, and you take them the way you find them. You can't make these kids into something that they're not. Now, they're asking you to punish him, send him to the pen for something that the girl did also.

We agree with the State that the testimony to which appellant objects was in response to and invited by the purported argument of appellant. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973). We further agree with the State that the instruction of the court to disregard was sufficient to cure any harm because the argument of the State was not so inflammatory as to be incurable by the court's instruction. *Johnson v. State*, 698 S.W.2d 154, 167 (Tex.Crim.App.1985). Appellant's second point of error is overruled.

Judgment affirmed.

---

**2.** Evidence of Previous Sexual Conduct, Ch. 203, sec. 3, 1975 Tex.Gen.Laws 477; *repealed by* Act of December 18, 1985, ch. 685, sec. 9(b), 1985

Tex.Gen.Laws 2474 (currently TEX.R.CRIM. EVID. 412, 701 S.W.2d XXXIX).