TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00180-CR







Ricky Martin, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 385006, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of criminal mischief. The county court at law assessed
punishment at incarceration for ninety days, suspended imposition of sentence, and placed appellant on
community supervision.

 In his first point of error, appellant contends the county court at law erred by overruling his
challenge for cause to venire member John Jones. This contention was not preserved for review. Although
appellant exhausted his peremptory challenges (using one against Jones), he did not request an additional
strike nor did he indicate that any seated juror was objectionable. Colella v. State, 915 S.W.2d 834, 843
(Tex. Crim. App. 1995). In fact, appellant stated that he had no objection to the jury selected for trial. 
Point of error one is overruled.

 Appellant next urges that the State failed to prove that the offense occurred in Travis
County, Texas, as alleged in the information. The complaining witness testified that the incident giving rise
to the prosecution happened in Travis County. Appellant contends, however, that there is no evidence that
the offense took place in Texas.

 After the State rested, appellant moved for a directed verdict of not guilty stating, "I'm not
sure if the exact date of September 10th, 1991, has been established." The question of venue was not
raised by the motion and is asserted by appellant for the first time on appeal. Because appellant did not
raise the issue before verdict, we must presume that venue was proved unless the record affirmatively
negates whatever proof the State gave on the matter. Holdridge v. State, 707 S.W.2d 18, 21-22 (Tex.
Crim. App. 1985); Vasquez v. State, 491 S.W.2d 173, 175 (Tex. Crim. App. 1973); Tex. R. App. P.
80(d).

 The record does not affirmatively reflect improper venue. To the contrary, the complainant
testified that he is a resident of Austin, Travis County, Texas. Combined with his testimony that the offense
occurred in Travis County, this is circumstantial evidence that the offense was committed in Texas. See
Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983); Edwards v. State, 427 S.W.2d 629, 636
(Tex. Crim. App. 1968) (opinion on rehearing) (venue may be proved by circumstantial evidence). Point
of error two is overruled.

 Finally, in points of error three through twelve, appellant complains of improper jury
argument. Appellant did not object to any of the allegedly improper remarks and thereby waived any error. 
Cockrell v. State, No. 71,766 (Tex. Crim. App. Sep. 11, 1996); Tex. R. App. P. 52(a). The points of
error are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 6, 1996

Do Not Publish



 NAME="Generator" CONTENT="WordPerfect 9">




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00180-CR







Ricky Martin, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 385006, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of criminal mischief. The county court at law assessed
punishment at incarceration for ninety days, suspended imposition of sentence, and placed appellant on
community supervision.

 In his first point of error, appellant contends the county court at law erred by overruling his
challenge for cause to venire member John Jones. This contention was not preserved for review. Although
appellant exhausted his peremptory challenges (using one against Jones), he did not request an additional
strike nor did he indicate that any seated juror was objectionable. Colella v. State, 915 S.W.2d 834, 843
(Tex. Crim. App. 1995). In fact, appellant stated that he had no objection to the jury selected for trial. 
Point of error one is overruled.

 Appellant next urges that the State failed to prove that the offense occurred in Travis
County, Texas, as alleged in the information. The complaining witness testified that the incident giving rise
to the prosecution happened in Travis County. Appellant contends, however, that there is no evidence that
the offense took place in Texas.

 After the State rested, appellant moved for a directed verdict of not guilty stating, "I'm not
sure if the exact date of September 10th, 1991, has been established." The question of venue was not
raised by the motion and is asserted by appellant for the first time on appeal. Because appellant did not
raise the issue before verdict, we must presume that venue was proved unless the record affirmatively
negates whatever proof the State gave on the matter. Holdridge v. State, 707 S.W.2d 18, 21-22 (Tex.
Crim. App. 1985); Vasquez v. State, 491 S.W.2d 173, 175 (Tex. Crim. App. 1973); Tex. R. App. P.
80(d).

 The record does not affirmatively reflect improper venue. To the contrary, the complainant
testified that he is a resident of Austin, Travis County, Texas. Combined with his testimony that the offense
occurred in Travis County, this is circumstantial evidence that the offense was committed in Texas. See
Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983); Edwards v. State, 427 S.W.2d 629, 636
(Tex. Crim. App. 1968) (opinion on rehearing) (venue may be proved by circumstantial evidence). Point
of error two is overruled.

 Finally, in points of error three through twelve, appellant complains of improper jury
argument. Appellant did not object to any of the allegedly improper remarks and thereby waived any error. 
Cockrell v. State, No. 71,766 (Tex. Crim. App. Sep. 11, 1996); Tex. R. App. P. 52(a). The points of
error are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 6, 1996

Do Not Publish