## EZEQUIEL VALDEZ V. THE STATE.

No. 21406. Delivered January 29, 1941.

The opinion states the case.

*W. Joe Bryan,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the laws regulating the sale of liquor, and by the jury sentenced to serve thirty days

in the county jail.

Appellant's bill of exceptions No. 1 complains because in an allegation therein it is said that the State failed to prove the venue of this case to be in El Paso County. It is stated in the bill, and also ascertainable from the record, that no question relative to venue was raised until the filing of the motion for a new trial. This comes too late. We held in the case of Lawrence v. State, 36 S. W. (2d) 1018, as follows:

"It is suggested in appellant's brief that the evidence failed to show venue; x x x It is sufficient answer to say that no such issue was made in the court below and under the terms of article 847, C. C. P., it cannot now be raised in this court."

Appellant's bill is incomplete also in that it does not show that the question of venue was made an issue in the court below, and it also fails to set out the evidence relative to venue so as to negative the proof thereof. We said in Allen v. State, 199 S. W. 633, that "Venue may be proved by circumstantial evidence (Steadham v. State, 40 Tex. Cr. R. 43, 48 S. W. 177; Pye v. State, 71 Tex. Cr. R. 94, 154 S. W. 222), and its proof beyond a reasonable doubt is not required (Johnson v. State, 72 Tex. Cr. R. 387, 162 S. W. 512). The bill of exceptions to the refusal of the charge mentioned does not set out the evidence so as to negative the proof of venue nor does it certify as a fact that venue was not proved. The bill contains only the reasons assigned by appellant for his exception. This does not verify the facts recited in these grounds. Branch's Ann. P. C., p. 134, Sec. 209; Smith v. State, 4 Tex. App. 630; Arnold v. State, 74 Tex. Cr. R. 269, 168 S. W. 125."

We also quote from Fondren v. State, 77 Tex. Cr. R. 662:

"While the case was being presented to the jury, and after the evidence had closed, appellant requested the court to instruct the jury to return a verdict of not guilty on the ground that the venue had not been proven. This contention would have been sound had not article 791 of the Code of Criminal Procedure been amended in 1897. By that article it is now provided this court, on appeal, shall presume that venue was proven in the court below, unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by bill of exceptions properly signed and allowed by the trial judge. The only bill in the record relating to this matter is one reserved to the failure of the court to give this special charge. This in no way evidences that venue was made an issue during

the trial of the case, and if in fact we take the record as a whole, the statment of facts evidences that no such issue was made on the trial, but the whole case proceeded upon the theory that the house in Warren in which the deputy sheriff of Tyler County says he found appellant and two others gaming was in Tyler County. (Barker v. State, 47 S. W. 980.) While it may be said that there is no one who swore positively that the house, in which the card playing is said to have taken place, was in Tyler County, yet the jury, under the facts and circumstances in this case, would have been authorized to so find, had that been made an issue and the court submitted it to the jury in his charge."

Bill of exceptions No. 2 merely objects to certain testimony on the grounds that same was immaterial and irrelevant, and goes no further. It is not shown therein why or in what way the same was thus objectionable. A mere statement of the grounds of an objection is not a certificate to that effect.

Bill of exceptions No. 3 relates to certain remarks of the State's attorney in his argument to the jury. Such remarks seem to have been brought forth by the conduct of the appellant's attorney during the trial, and we do not think they were of sufficient importance to justify a reprimand of the State's attorney as requested by appellant of the trial court; nor could they have had any material effect upon the jury.

The facts adduced by the State show a sale of liquor after twelve o'clock midnight by the appellant. He denied the sale. The jury decided this fact against him, and we see no reason to disturb their verdict.

Finding no error in the record, the judgment is affirmed.