Joseph F. DUCREE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-83-461-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 5, 1984.

**158**

Elton L. Brownshadel, Larry D. Dowell, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of two counts of theft by deception under TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1984). He pled "true" to the enhancement paragraph and was sentenced to ten years confinement on each count with the terms to run concurrently. He appeals, arguing that venue was not proved, the evidence was insufficient to support his convictions, evidence of an extraneous offense was erroneously presented to the jury and that the indictment should have been quashed because it failed to specify the manner and means of deception. We find no error and affirm Appellant's convictions.

In ground of error six, Appellant argues his indictment should have been quashed because it failed to allege the manner and means of deception. We disagree.

The indictment, in pertinent part, reads that Appellant did:

> intentionally and knowingly, acquire and otherwise exercise control over property, other than real property, namely money, owned by JEANETTE PRIER,° person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant, namely, by deception.

These allegations are repeated in the second count, with George S. Lundy named as the complainant.

We find no error in the indictment. It correctly tracks the language of the theft statute, defines the manner and means of appropriation and states the requisite culpable state. Although unnecessary, the indictment further alleges deception in regard to "effective consent." Appellant complains because the type or manner of "deception" which the State planned to prove was not alleged. This complaint is without merit.

■ Although Appellant attempts to draw a distinction, we see no substantive difference between this indictment and the one at issue in *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App.1980). In *Phillips*, the defendant filed a Motion to Quash because the indictment did not specify which of the seven statutory definitions of sexual abuse it would attempt to prove. That court held that the trial court correctly denied the motion because the information sought was essentially evidentiary and not necessary to give notice or for a plea in bar. *Id.* at 935. The decision in *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App. 1981), further explained that usually when a term or element in the indictment is statutorily defined, the definition is essentially evidentiary and need not be included in the indictment. *Id.* at 850. Such is the case here.

■ The cases upon which Appellant relies are inapposite because they deal with indictments which fail to allege the manner and means of the gravamen of the offense. *See e.g., Miller v. State,* 647 S.W.2d 266 (Tex.Crim.App.1983) (en banc) (failure to specify manner and means by which defendant damaged and destroyed property in indictment for criminal mischief); *Ferguson,* 622 S.W.2d at 851 (failure to specify manner and means of delivery in indictment for delivery of heroin). Appropriation is the gravamen of a theft offense, not deception. Thus, the state was under no burden to define it. Ground of error six is overruled.

■ Appellant challenges the sufficiency of the evidence to prove venue and to support his conviction of theft by deception on Jeanette Prier's complaint in ground of error one. Identical issues are raised in ground of error three, which deals with the conviction based on George Lundy's complaint. We have reviewed the evidence and we find it sufficient to support each conviction.

Appellant's illegal scheme revolved around financing cars for individuals with bad credit ratings. In Lundy's case this meant obtaining financing for a new car. In Prier's case this meant obtaining refinancing so she could recover her repossessed car. In each case the complainant filled out a credit or loan application which Appellant was to present to Commercial State Bank. However, Appellant never presented any applications to that or any other bank. He told the complainants he had made the applications but that "problems" were delaying the processing of them. Further, each complainant testified that they would not have given any money to Appellant had they known they would never get a loan, a car, or have their money returned.

The court defined "deception" for the jury under TEX.PENAL CODE ANN. § 31.01(2)(E) (Vernon 1974), which reads:

(2) "Deception" means

\* \* \* \* \* \*

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not perform or knew the promise would not be performed.

We find facts sufficient to support the convictions under this section.

■ Appellant's first and third grounds of error also allege that the evidence introduced at trial was insufficient to establish venue in the county where the case was tried, Harris County. This argument, however, is made for the first time on appeal. TEX.CODE CRIM.PROC.ANN. art. 44.24(a) (Vernon Supp.1984), instructs the court of appeals to presume that venue was proved in the trial court unless venue was either made an issue in the trial court or the record affirmatively appears to establish that venue was improper. *Arnold v. State,* 486 S.W.2d 345, 346 (Tex.Crim. App.1972); *Valdez v. State,* 156 Tex.Crim. 192, 193, 240 S.W.2d 320, 321 (1951); *Valdez v. State,* 141 Tex.Crim. 52, 53, 147 S.W.2d 246, 247 (1941). Venue can be made an issue by objecting or making a bill of exception, for each method alerts the trial court to the attack on the venue. Since Appellant did not make venue an issue or affirmatively establish that venue was incorrect, the statutory presumption contained in art. 44.24 stands. Grounds of error one and three are overruled.

■ Grounds of error two and four contain allegations that the trial court erred in overruling Appellant's Motions for Instructed Verdict. In effect, Appellant argues that even if all of the State's evidence were taken as true, he should have been acquitted as a matter of law because the evidence could not support a finding of guilty beyond a reasonable doubt. We overrule these grounds of error because of our disposition of Appellant's insufficiency of evidence grounds of error.

**160**

In ground of error five, Appellant argues that the trial court erred in admitting evidence of an extraneous offense. We disagree.

 It is well-settled that the State can introduce evidence of an extraneous offense to show, among other things, scheme, motive, design and intent. *See* *Lasker v. State*, 573 S.W.2d 539 (Tex.Crim. App.1978). In this case, Sylvia Jones gave testimony concerning the extraneous offense. Her testimony illuminated numerous similarities between her and the complainants' dealings with and treatment by Appellant. We hold that this evidence indeed helped establish Appellant's motive, intent, scheme and design, and was correctly admitted. Ground of error five is overruled.

The convictions are affirmed.