IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00133-CR

 

Kesha Latrice Jenkins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-01970-CRF-361

 



MEMORANDUM  Opinion










 

            Kesha Latrice Jenkins was charged with
one count of robbery and one count of felony theft, with each count arising
from a shoplifting incident at a Wal-Mart in Brazos County, Texas.  A jury
found Jenkins guilty of both counts.  Punishment was assessed by the trial
court at 10 years in prison for the robbery and two years in a State Jail
facility for the felony theft.  Because there is no double jeopardy violation,
no preservation of a bifurcated trial issue, no error in denying a motion for
directed verdict, and the burden to prove ineffective assistance of counsel was
not satisfied, we affirm the trial court’s judgment.

            Double
Jeopardy

            In her first issue, Jenkins complains
that the trial court erred in sentencing her for robbery and theft “in
violation of double jeopardy.”  Jenkins was convicted of two offenses which
arose out of the same shoplifting incident.  

            Although Jenkins did not bring her
double jeopardy claim to the attention of the trial court, and the State does
not complain on appeal about her failure to do so, we find, under the facts of
this case, Jenkins may raise this issue for the first time on appeal.  See
Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) (“a double
jeopardy claim may be raised for the first time on appeal . . . when the
undisputed facts show the double jeopardy violation is clearly apparent on the
face of the record and when enforcement of usual rules of procedural default
serves no legitimate state interests.”).

            The Double Jeopardy Clause of the 5th
Amendment protects an accused from being punished more than once for the same
offense.  U.S. Const. Amend. V; Littrell
v. State, No. PD-1555-07, 2008 Tex. Crim. App. LEXIS 1306, *5 (Tex. Crim. App. Oct. 15, 2008).  Two offenses may be the same if one offense stands in
relation to the other as a lesser-included offense.  Littrell v. State, 
2008 Tex. Crim. App. LEXIS 1306 at *5; Bigon v. State, 252 S.W.3d 360,
370 (Tex. Crim. App. 2008).  When multiple punishments arise out of one trial,
the Blockburger test is the starting point in analyzing the two
offenses.  Bigon v. State, 252 S.W.3d at 370.  Under the Blockburger
test, two offenses are not the same if one requires proof of an element that
the other does not.  Id.; see generally, Blockberger v. United States, 284 U.S. 299 (1932).  In Texas, when resolving whether two crimes are
the same for double-jeopardy purposes, we focus on the elements alleged in the
charging instrument.  Bigon v. State, 252 S.W.3d at 370; accord Hall
v. State, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007).

            In the first count of the indictment,
the State charged Jenkins with robbery.  The indictment alleged the following
elements for robbery: (1) Jenkins, while in the course of committing theft, 2)
with the intent to obtain and maintain control of property, 3) intentionally,
knowingly, or recklessly, 4) caused bodily injury to another.  See Tex. Penal Code Ann. § 29.02 (Vernon
2003).  In the second count, the State charged Jenkins with felony theft.  The
indictment alleged the following elements for felony theft:  1) Jenkins
unlawfully appropriated, 2) by acquiring or otherwise exercising control over
property; 3) of the value less than $1,500; 4) from another; 5) with the intent
to deprive the owner of the property; and 6) Jenkins had been previously twice
convicted of theft.[1]  See
Tex. Penal Code Ann. § 31.03(a)
and (e)(4)(D) (Vernon Supp. 2008).

            When comparing the two charges as
indicted, and taking into account all of the elements that the State must prove
for these two charges, the offenses are not the same under a strict application
of the Blockberger test.  The element involving the two prior theft
convictions is an additional element the state does not have to prove for
robbery but does have to prove for this particular felony theft as charged. 
However, because the offenses are not the same for the purpose of the Blockberger
test, our inquiry does not necessarily end.  See Bigon v. State,
252 S.W.3d 360, 370 (Tex. Crim. App. 2008).  

            In Ervin v. State, the Court of
Criminal Appeals laid out a non-exclusive list of factors to consider when
examining whether two offenses are the same in the context of multiple
punishments.  Ervin v. State, 991 S.W.2d 804 (Tex. Crim. App. 1999). 
These factors include:  1) whether the offenses are in the same statutory
section; 2) whether the offenses are phrased in the alternative; 3) whether the
offenses are named similarly; 4) whether the offenses have common punishment
ranges; 5) whether the offenses have a common focus; 6) whether the common
focus tends to indicate a single instance of conduct; 7) whether the elements
that differ between the two offenses can be considered the same under an
imputed theory of liability that would result in the offenses being considered
the same under Blockburger; and 8) whether there is legislative history
containing an articulation of an intent to treat the offenses as the same or
different for double-jeopardy purposes.  Id. at 814.  These factors are
not exclusive, and the question ultimately is whether the legislature intended
to allow the same conduct to be punished under both of the offenses.  Bigon
v. State, 252 S.W.3d at 371.  

            In this case, robbery and felony theft
are not included in the same statutory section of the Penal Code.  The offenses
are not phrased in the alternative and are not named similarly.  They do not
have common punishment ranges.  Robbery is a second degree felony with a
punishment range of two to 20 years in prison.  Tex. Penal Code Ann. §§ 29.02, 12.33 (Vernon 2003).  Felony
theft, as charged, is a state jail felony with a punishment range of 180 days
to 2 years in a state jail facility.  Penal
Code Ann. §§ 31.03(a) and (e)(4)(D), 12.35 (Vernon Supp. 2008).  There
is no common focus between the two offenses.  The focus of robbery is the
assaultive conduct, see Ex parte Hawkins, 6 S.W.3d 554, 559 (Tex.
Crim. App. 1999), and the focus of theft is the appropriation of property.  See
Ducree v. State, 681 S.W.2d 157, 158 (Tex. App.—Houston [14th Dist.]
1984, pet. ref’d).  The differing elements between robbery and felony theft, as
charged, cannot be considered the same under an imputed theory of liability. 
Further, neither Jenkins nor the State has provided us with any legislative
history that might indicate whether or not the legislature intended to treat
the offenses as the same or different for double jeopardy purposes.

            After reviewing the Ervin
factors, we determine that the offenses as charged are not the same in the
context of multiple punishments.  Accordingly, no double jeopardy violation
occurred, and Jenkins’s first issue is overruled.

            Bifurcated
Trial

            In her second issue, Jenkins contends
the trial court violated the bifurcated trial provisions of the Texas Code of
Criminal Procedure by allowing punishment testimony to be given while the jury
was deliberating the guilt/innocence of Jenkins.  Jenkins requested the trial
court, not the jury, to determine punishment.  Counsel did not object to the
trial court’s procedure.  Accordingly, this issue has not been preserved for
our review.  Tex. R. App. P.
33.1.  Jenkins’s second issue is overruled.

            Directed
Verdict

            Jenkins next contends that the trial
court erred in denying her request for a directed verdict.  She makes both a
legal sufficiency and a factual sufficiency of the evidence argument.  However,
a complaint about a trial court's failure to grant a motion for directed
verdict is a challenge to the legal sufficiency of the evidence.  Canales v.
State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); Long v. State, 137
S.W.3d 726, 736 (Tex. App.—Waco 2004, pet ref’d).  We limit our review to the
legal sufficiency challenge.

            In reviewing the legal sufficiency of
the evidence, this Court looks at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  The sufficiency of
the evidence is measured by reference to the elements of the offense as defined
by a hypothetically correct jury charge for the case.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

            Peter McGuire, the loss prevention
manager at Wal-Mart, testified that he observed Jenkins put an article of
clothing in a purse held by another person.  He said Scott Kuni, an associate
helping him, told him Jenkins was trying to “dump merchandise” out of her top
while she was being escorted to the back of the store.  It was obvious to Kuni
that Jenkins had items under her jacket and that she was trying to discard
them.  Because Jenkins would not take her hands out of her pockets as
instructed, McGuire decided to handcuff Jenkins.  Jenkins struggled.  While he
was handcuffing her, McGuire saw part of a “track suit” hanging off of her
waist.  To the right of her was the rest of the merchandise she had under her
top.  She had 4 or 5 items.  McGuire specifically mentioned socks, the track
suit top, and track suit pants as part of what Jenkins had.  Kuni also saw
items fall out of Jenkins’s jacket during the struggle and saw that she was
also removing items from inside her jacket and throwing them out.  After
Jenkins was restrained, Kuni went back and picked up the items that were on the
floor in the area of the struggle.  He  specifically remembered picking up a
blue jumpsuit, pants, and “maybe one of those shirts.”  The State introduced a
photograph that “accurately depict[ed] . . . the merchandise taken.”  McGuire
testified that the amount of merchandise Jenkins took was less than $1,500.  

            Officer Roy Shelton, with the College
Station Police Department, testified as to the items stolen.  The property
included a two-pack Fruit-of-the-Loom shirts, one black Dickies t-shirt, one
Dickies tan work shirt, one tan Dickies work pants, one black Dickies pants,
one blue/pink bag, one blue wind pants, and one light blue wind jacket.  The
property was in the back room with Jenkins and the other woman who was stopped
with Jenkins.  Shelton testified that the total amount of the property taken
was $113.18.

            Viewing the evidence under the
appropriate standard, we find the evidence legally sufficient to support the
verdict.  Accordingly, the trial court did not err in denying Jenkins’s request
for a directed verdict.  Jenkins’s third issue is overruled.

            Ineffective
assistance of Counsel

            Lastly, Jenkins asserts that her trial
counsel provided ineffective assistance.  Jenkins points to a variety of
“failures” by trial counsel to support her claim.  This record, however, is
undeveloped and cannot adequately reflect the motives behind the trial
counsel’s failures to take certain actions.  See Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Counsel should ordinarily be
afforded an opportunity to explain his actions.  Id.  Absent such an
opportunity, an appellate court should not find deficient performance unless
the challenged conduct was "so outrageous that no competent attorney would
have engaged in it."  Id. (citing Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001)).  Based upon this record, we cannot conclude
Jenkins established that counsel’s performance was “so outrageous” that it fell
below the objective standard of reasonableness, and thus, satisfied the first
prong of Strickland.  See Id.; see also Strickland v. Washington,
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Jenkins’s fourth issue
is overruled.

            Having overruled each issue on appeal,
we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed December 10, 2008

Do
not publish

[CR25]









[1]  The
allegation of the prior theft offenses are elements of the offense.  Gant v.
State, 606 S.W.2d 867, 871 n. 9 (Tex. Crim. App. 1980); Carter v. State,
804 S.W.2d 326, 327 (Tex. App.—Waco 1991, no pet.).