

# IN THE
# TENTH COURT OF APPEALS

## No. 10-06-00133-CR

**KESHA LATRICE JENKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 05-01970-CRF-361

## MEMORANDUM  OPINION

Kesha Latrice Jenkins was charged with one count of robbery and one count of felony theft, with each count arising from a shoplifting incident at a Wal-Mart in Brazos County, Texas.  A jury found Jenkins guilty of both counts.  Punishment was assessed by the trial court at 10 years in prison for the robbery and two years in a State Jail facility for the felony theft.  Because there is no double jeopardy violation, no preservation of a bifurcated trial issue, no error in denying a motion for directed verdict, and the burden to prove ineffective assistance of counsel was not satisfied, we affirm the trial court's judgment.

**DOUBLE JEOPARDY**

In her first issue, Jenkins complains that the trial court erred in sentencing her for robbery and theft "in violation of double jeopardy." Jenkins was convicted of two offenses which arose out of the same shoplifting incident.

Although Jenkins did not bring her double jeopardy claim to the attention of the trial court, and the State does not complain on appeal about her failure to do so, we find, under the facts of this case, Jenkins may raise this issue for the first time on appeal. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) ("a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests.").

The Double Jeopardy Clause of the 5th Amendment protects an accused from being punished more than once for the same offense. U.S. CONST. Amend. V; *Littrell v. State*, No. PD-1555-07, 2008 Tex. Crim. App. LEXIS 1306, *5 (Tex. Crim. App. Oct. 15, 2008). Two offenses may be the same if one offense stands in relation to the other as a lesser-included offense. *Littrell v. State*, 2008 Tex. Crim. App. LEXIS 1306 at *5; *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). When multiple punishments arise out of one trial, the *Blockburger* test is the starting point in analyzing the two offenses. *Bigon v. State*, 252 S.W.3d at 370. Under the *Blockburger* test, two offenses are not the same if one requires proof of an element that the other does not. *Id.*; *see generally, Blockberger v. United States*, 284 U.S. 299 (1932). In Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging

instrument. *Bigon v. State*, 252 S.W.3d at 370; *accord Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007).

In the first count of the indictment, the State charged Jenkins with robbery. The indictment alleged the following elements for robbery: (1) Jenkins, while in the course of committing theft, 2) with the intent to obtain and maintain control of property, 3) intentionally, knowingly, or recklessly, 4) caused bodily injury to another. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003). In the second count, the State charged Jenkins with felony theft. The indictment alleged the following elements for felony theft: 1) Jenkins unlawfully appropriated, 2) by acquiring or otherwise exercising control over property; 3) of the value less than $1,500; 4) from another; 5) with the intent to deprive the owner of the property; and 6) Jenkins had been previously twice convicted of theft.[1] *See* TEX. PENAL CODE ANN. § 31.03(a) and (e)(4)(D) (Vernon Supp. 2008).

When comparing the two charges as indicted, and taking into account all of the elements that the State must prove for these two charges, the offenses are not the same under a strict application of the *Blockberger* test. The element involving the two prior theft convictions is an additional element the state does not have to prove for robbery but does have to prove for this particular felony theft as charged. However, because the offenses are not the same for the purpose of the *Blockberger* test, our inquiry does not necessarily end. *See Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008).

---

[1] The allegation of the prior theft offenses are elements of the offense. *Gant v. State*, 606 S.W.2d 867, 871 n. 9 (Tex. Crim. App. 1980); *Carter v. State*, 804 S.W.2d 326, 327 (Tex. App.—Waco 1991, no pet.).

In *Ervin v. State*, the Court of Criminal Appeals laid out a non-exclusive list of factors to consider when examining whether two offenses are the same in the context of multiple punishments. *Ervin v. State*, 991 S.W.2d 804 (Tex. Crim. App. 1999). These factors include: 1) whether the offenses are in the same statutory section; 2) whether the offenses are phrased in the alternative; 3) whether the offenses are named similarly; 4) whether the offenses have common punishment ranges; 5) whether the offenses have a common focus; 6) whether the common focus tends to indicate a single instance of conduct; 7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and 8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes. *Id*. at 814. These factors are not exclusive, and the question ultimately is whether the legislature intended to allow the same conduct to be punished under both of the offenses. *Bigon v. State*, 252 S.W.3d at 371.

In this case, robbery and felony theft are not included in the same statutory section of the Penal Code. The offenses are not phrased in the alternative and are not named similarly. They do not have common punishment ranges. Robbery is a second degree felony with a punishment range of two to 20 years in prison. TEX. PENAL CODE ANN. §§ 29.02, 12.33 (Vernon 2003). Felony theft, as charged, is a state jail felony with a punishment range of 180 days to 2 years in a state jail facility. PENAL CODE ANN. §§ 31.03(a) and (e)(4)(D), 12.35 (Vernon Supp. 2008). There is no common focus between the two offenses. The focus of robbery is the assaultive conduct, *see Ex parte Hawkins*, 6

S.W.3d 554, 559 (Tex. Crim. App. 1999), and the focus of theft is the appropriation of property. *See Ducree v. State*, 681 S.W.2d 157, 158 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). The differing elements between robbery and felony theft, as charged, cannot be considered the same under an imputed theory of liability. Further, neither Jenkins nor the State has provided us with any legislative history that might indicate whether or not the legislature intended to treat the offenses as the same or different for double jeopardy purposes.

After reviewing the *Ervin* factors, we determine that the offenses as charged are not the same in the context of multiple punishments. Accordingly, no double jeopardy violation occurred, and Jenkins's first issue is overruled.

### BIFURCATED TRIAL

In her second issue, Jenkins contends the trial court violated the bifurcated trial provisions of the Texas Code of Criminal Procedure by allowing punishment testimony to be given while the jury was deliberating the guilt/innocence of Jenkins. Jenkins requested the trial court, not the jury, to determine punishment. Counsel did not object to the trial court's procedure. Accordingly, this issue has not been preserved for our review. TEX. R. APP. P. 33.1. Jenkins's second issue is overruled.

### DIRECTED VERDICT

Jenkins next contends that the trial court erred in denying her request for a directed verdict. She makes both a legal sufficiency and a factual sufficiency of the evidence argument. However, a complaint about a trial court's failure to grant a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v.*

*State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Long v. State*, 137 S.W.3d 726, 736 (Tex. App.—Waco 2004, pet ref'd). We limit our review to the legal sufficiency challenge.

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Peter McGuire, the loss prevention manager at Wal-Mart, testified that he observed Jenkins put an article of clothing in a purse held by another person. He said Scott Kuni, an associate helping him, told him Jenkins was trying to "dump merchandise" out of her top while she was being escorted to the back of the store. It was obvious to Kuni that Jenkins had items under her jacket and that she was trying to discard them. Because Jenkins would not take her hands out of her pockets as instructed, McGuire decided to handcuff Jenkins. Jenkins struggled. While he was handcuffing her, McGuire saw part of a "track suit" hanging off of her waist. To the right of her was the rest of the merchandise she had under her top. She had 4 or 5 items. McGuire specifically mentioned socks, the track suit top, and track suit pants as part of what Jenkins had. Kuni also saw items fall out of Jenkins's jacket during the struggle and saw that she was also removing items from inside her jacket and throwing

them out. After Jenkins was restrained, Kuni went back and picked up the items that were on the floor in the area of the struggle. He specifically remembered picking up a blue jumpsuit, pants, and "maybe one of those shirts." The State introduced a photograph that "accurately depict[ed] . . . the merchandise taken." McGuire testified that the amount of merchandise Jenkins took was less than $1,500.

Officer Roy Shelton, with the College Station Police Department, testified as to the items stolen. The property included a two-pack Fruit-of-the-Loom shirts, one black Dickies t-shirt, one Dickies tan work shirt, one tan Dickies work pants, one black Dickies pants, one blue/pink bag, one blue wind pants, and one light blue wind jacket. The property was in the back room with Jenkins and the other woman who was stopped with Jenkins. Shelton testified that the total amount of the property taken was $113.18.

Viewing the evidence under the appropriate standard, we find the evidence legally sufficient to support the verdict. Accordingly, the trial court did not err in denying Jenkins's request for a directed verdict. Jenkins's third issue is overruled.

INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Jenkins asserts that her trial counsel provided ineffective assistance. Jenkins points to a variety of "failures" by trial counsel to support her claim. This record, however, is undeveloped and cannot adequately reflect the motives behind the trial counsel's failures to take certain actions. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Counsel should ordinarily be afforded an opportunity to explain his actions. *Id*. Absent such an opportunity, an appellate court should not find

deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Based upon this record, we cannot conclude Jenkins established that counsel's performance was "so outrageous" that it fell below the objective standard of reasonableness, and thus, satisfied the first prong of *Strickland*. *See Id.; see also Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Jenkins's fourth issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Vance, and
  Justice Reyna
Affirmed
Opinion delivered and filed December 10, 2008
Do not publish
[CR25]